SOCIETY MILION ATHENA, INC., et al., Respondents, *v.*
NATIONAL BANK OF GREECE et al., Appellants, Impleaded
with Others.

Argued April 5, 1939; decided July 11, 1939.

*Thomas I. Sheridan, Dean Alfange* and *Irving H. Rosenberg* for National Bank of Greece, appellant.

*William O. Robertson, Michael H. Cardozo, Jr., Aristotle Souval* and *Louis J. Felstiner* for Hellenic Bank Trust Company et al., appellants.

*Frederick W. R. Pride* and *Harry J. McIntyre* for Spyros Skouras, appellant.

*Samuel Gottlieb, 1. Gainsburg* and *Alexander D. Diamond* for respondents.

290

LEHMAN, J. The defendant National Bank of Greece is a corporation organized under the laws of the Kingdom of Greece and engaged in the business of banking with branches and agencies in Greece and other countries. It did business in the·State of New York through an agency located here. For that purpose the bank obtained a license from the Superintendent of Banks in accordance with the provisions of section 145 (now § 200) of the Banking Law (Cons. Laws, ch. 2) and subject to the restrictions contained in section 146 (now § 202). The defendant Hellenic Bank Trust Company is a domestic banking corporation organized under the laws of the State of New York. It conducted its banking business at the same address as the agency of National Bank of Greece. At their joint office the plaintiff Society Milion Athena, Inc., on January 19, 1931, delivered or deposited 7,349 francs in French money to be repaid in the same currency on January 19, 1936, with four and one-half per cent interest. On September 25, 1931, the plaintiff

Louis Aggelopoulas delivered or deposited at the same place the sum of $11,000, to be repaid in the same currency on September 26, 1936, with five and one-half per cent interest. The moneys so delivered or deposited have not been repaid. A decree of the government of Greece, issued in 1932, prohibits repayment by National Bank of Greece. The license issued to National Bank of Greece was not renewed after March, 1933, and its agency here was discontinued.

The plaintiffs in this action seek to compel the repayment of the moneys paid and received at the joint office of the defendant banks. They claim that the moneys were there received jointly by both banks; that such receipt by National Bank of Greece was in violation of the restrictions contained in its license; that Hellenic Bank Trust Company was organized by National Bank of Greece as a cloak to conceal the fact that the foreign bank was conducting an unrestricted banking business here in violation of the Banking Law and the terms of its license; and that the plaintiffs were induced to pay their moneys by the fraud of the defendant banks.

The allegations of the complaint are, it is plain, sufficient to constitute a cause of action in favor of each plaintiff against the two banks to recover damages caused by such fraud and wrong. Such causes of action for damages arise out of the same transaction or series of transactions and involve common questions of law and fact. The plaintiffs might then be joined in accordance with the provisions of section 209 of the Civil Practice Act, but each cause of action must in such case be separately alleged. In this case, however, the plaintiffs ask equitable relief. They ask that relief not only in their own behalf but also in behalf of all others similarly situated who might join in the action, and they have joined as defendants in the action directors of the two banks who, they allege, participated in the wrong.

The defendants moved to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action or in the alternative to compel the plaintiffs

to serve an amended complaint excising parts thereof relevant only to a derivative action and separately stating a cause of action on behalf of each plaintiff individually. The plaintiffs made a counter motion for the appointment of a receiver, *pendente lite*, of the property of defendant National Bank of Greece in the State of New York and for a temporary injunction against interference by the defendants with such property. The motions of the defendants were denied and the counter motion of the plaintiffs was granted and the orders entered upon these motions have been affirmed by the Appellate Division, which granted to defendants leave to appeal. Five questions have been certified to us.

The motions by the defendants are based entirely upon the allegations of the complaint, which we must assume to be true. The counter motion of the plaintiffs is based upon affidavits containing allegations which, in part at least, are contradicted by affidavits submitted by the defendants. Allegations contained in such affidavits may not be considered upon the defendants' challenge of the complaint. The complaint itself contains fifty paragraphs. It fills more than thirty pages of the printed record. We summarize in this opinion the allegations of the complaint only so far as necessary for discussion of the certified questions. The plaintiff's right to any relief, legal or equitable, arises from the alleged wrongful receipt of moneys by the defendant banks. The sufficiency of the complaint in that regard is hardly open to serious challenge. By similar wrongful acts the defendants may have obtained moneys from others but each alleged wrong injures a different person. Each person wronged may determine for himself the remedy which he will seek for the wrong to him and when he asserts a remedy the wrongdoers might be able to assert against him a defense not available against others. Separate wrongs to separate persons, though committed by similar means and even pursuant to a single plan, do not alone create a common or general interest in those who are wronged. Though it is alleged that "upwards of five

thousand " persons were, like the plaintiffs, wronged by the defendant banks, such persons are not, merely because of that fact, united in interest with either plaintiff, and the plaintiff may not maintain a representative action, pursuant to section 195 of the Civil Practice Act, in their behalf. (*Brenner* v. *Title Guarantee & Trust Co.*, 276 N. Y. 230.)

The plaintiff, conceding that they may not maintain a representative action based upon separate wrongs to different persons, contend that they may maintain an action in the nature of a creditor's bill to set aside transfers of property in fraud of creditors; to compel the directors to pay damages resulting from wrongs which they have committed and to account for any sums which may be due from them; and finally to obtain the appointment of a receiver of the foreign banking corporation and " a judicial administration of the affairs of the banks." (Cf. *Richmond* v. *Irons*, 121 U. S. 27.)

Before we consider whether the plaintiffs may maintain a derivative action for such relief or any part of it we must determine whether the plaintiffs have alleged facts sufficient to constitute an equitable cause of action even in their own behalf. The complaint in our opinion alleges facts sufficient to permit the plaintiffs to bring actions to set aside a fraudulent conveyance by their debtor though they are not judgment creditors. (Debtor and Creditor Law [Cons. Laws, ch. 12], art. 10; *American Surety Co.* v. *Conner*, 251 N. Y. 1, 6.) The creditor in such an action may " have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim." (§ 278.) He is not entitled to a judgment setting it aside completely and subjecting the property to the claims of other creditors through a receiver and judicial administration of the affairs of the debtor; nor does the complaint show any reason why the individual defendants should be made parties to an action for such relief.

We search then for other possible ground why a court of equity should take jurisdiction of a representative action in which complete relief might be obtained by all who have

claims against the defendants arising from their wrong. We fail to find such ground. Laudable desire to avoid multiplicity of actions by persons who have suffered wrong is insufficient unless those who would bring such actions are in some manner united in interest. (Cf. *Beckford* v. *Federal Reserve Bank*, 5 Fed. Supp. 873.) By the exercise of diligence any creditor may obtain a preference over other creditors at least until the court takes over the property of the debtor and administers it for the equal payment of all creditors. None of them has any lien or interest, legal or equitable, against the property transferred or against any other assets of the defendants. If they establish damages they may, like other creditors, seek satisfaction out of the property of the debtors here or in other jurisdictions, but they have no joint or common interest in any fund. The case differs in that respect from *Tyndall* v. *Pinelawn Cemetery* (198 N. Y. 217); *Guffanti* v. *National Surety Co.* (196 N. Y. 452).

The question then arises whether there is any ground for a judicial administration of the affairs of National Bank of Greece and the judicial liquidation of its property here. An officer of the court appointed for such purpose might, we assume, seek reimbursement from unfaithful directors for waste of corporate funds even though individual creditors who are not judgment creditors might not demand such relief. (*Levy* v. *Paramount Publix Corp.*, 149 Misc. Rep. 129; affd., 241 App. Div. 711; 265 N. Y. 629.) We do not reach that question until we determine whether the court may appoint such an officer. In *Richmond* v. *Irons (supra)*, a case upon which the plaintiffs lean heavily, the Revised Statutes of the United States provided for the liquidation of a national bank under the circumstances there shown, and the jurisdiction of the court was invoked pursuant to the statutory provisions. That was true also in *Wyman* v. *Wallace* (201 U. S. 230). In all the cases cited by the respondents where the court sustained actions for the appointment of a receiver or for judicial administration of the affairs of an insolvent corporate debtor, in order to secure

ratable distribution of the debtor's assets among all creditors, there was statutory authority for the liquidation of the assets by the courts, or an ancillary receiver of a foreign corporation was appointed here after liquidation was begun at the domicile of the corporation.

We fail to find any statutory or judicial authority for the assumption of power by a court to appoint a receiver or liquidator of the assets here of a foreign corporation on any ground urged here. It may be that the Superintendent of Banks has power to act as statutory liquidator under section 606, subdivision 4 of the Banking Law, even though the bank has ceased to do business here, especially in view of the alleged promise of the National Bank of Greece to liquidate its assets here. Even then, however, no creditor in his own behalf or as representative of all creditors could ask for the appointment of a judicial liquidator, at least until after the Superintendent of Banks refused to proceed. (Cf. *Isaac* v. *Marcus*, 258 N. Y. 257.)

We conclude, then, that the complaint alleges facts sufficient to constitute a cause of action by the individual plaintiffs against all the defendants to recover damages for fraud and other wrongs in which all are said to have participated, and also causes of action in favor of the individual plaintiffs in the nature of a creditor's bill to set aside conveyances which it is said were fraudulent. As to that cause of action the individual defendants are not proper parties. We, therefore, answer the first question in the affirmative and the second question in the negative. These causes of action should be separately stated and numbered (*Brenner* v. *Title Guarantee & Trust Co.*, *supra*); and we, therefore, answer the third question in the negative. Since the plaintiffs have not any right to maintain a derivative action, the motion to strike out the parts of the complaint appropriate only to such an action should have been granted. We, therefore, answer the fourth question in the negative. The counter motion by the plaintiffs for the appointment of a receiver and other relief should have been denied, and we answer the fifth question in the negative.

Order of Appellate Division affirming order of Special Term denying motion made by defendants to dismiss the complaint or for alternative relief and order of Special Term modified to the extent that the motion for the alternative relief is granted with leave to the plaintiffs to serve an amended complaint within twenty days. Order of Appellate Division affirming order of Special Term granting counter motion of the plaintiffs reversed and motion denied, without costs.

The orders should be modified in accordance with this opinion, and, as so modified, affirmed, without costs. The first question certified should be answered in the affirmative and the second, third, fourth and fifth in the negative.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.