HERMAN KAHLMEYER, in His Own Behalf and in Behalf of All Persons Similarly Situated Who Will Come in and Contribute to the Expenses of This Action, Plaintiff, *v.* THE GREEN-WOOD CEMETERY, Defendant.*

Supreme Court, Special Term, New York County, October 29, 1940.

*Joseph Henry Cohen [Joseph Henry Cohen and H. Louis Hellman* of counsel], for the plaintiff.

*Anderson, Gasser, Ferris & Anderson [Henry Hill Anderson* and *J. Wesley Seward* of counsel], for the defendant.

PECORA, J. This is a motion by defendant to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice upon the ground that it does not state facts sufficient to constitute a cause of action. Alternative relief is asked pursuant to rules 102 and 103 of the Rules of Civil Practice.

The complaint sets forth two separate causes of action. According to its allegations, the defendant is a cemetery corporation organized under an act of the Legislature of the State of New York (Laws of 1838, chap. 298), and owns, sells and maintains burial plots in a cemetery located in Brooklyn. On September 12, 1899, plaintiff's predecessor in interest purchased a lot from the cemetery, and ownership of said lot is now vested in plaintiff. On October 16, 1922, in consideration of forty-five dollars paid to it, defendant undertook to make certain repairs to such lot, and further on said date defendant received from plaintiff the sum of $550. The following day, October 17, 1922, defendant executed and delivered to plaintiff an agreement, which is set forth in paragraph " Ninth " of the complaint, and which reads as follows:

" Office of THE GREEN-WOOD CEMETERY
" NEW YORK, *October* 17th, 1922.

" THE GREEN-WOOD CEMETERY hereby acknowledges the receipt from Herman Kahlmeyer, of #1499 Hatch Avenue, Woodhaven, N. Y., Five Hundred and Fifty ($550) dollars, it being understood that the interest which said cemetery may from time to time allow on the same, shall be applied by said Cemetery to the preservation, care and embellishment in perpetuity of Lot No. Thirty thousand, three hundred and six (30,306) in said Cemetery, and of any tomb, monument or other erection thereon, and to the cultivation and keeping in order of any trees, grass, or shrubbery, on, adjacent or appertaining to said lot. It being further understood that said Cemetery shall not be required to maintain grave mounds, or to provide myrtle, ivy or floral decorations.

" Said sum is received, and this agreement is made by THE GREEN-WOOD CEMETERY, on the condition that it shall not

189

be required to invest said sum separately, or to allow, pay or apply in any year, or to be in any way responsible, for a higher rate of interest on said sum than the lowest rate it may receive in such year from any of its investments or securities sanctioned by law for the investment of trust funds.

"THE GREEN-WOOD CEMETERY

"(signed) A. L. SEAVER

"*Secretary.*"

It is then alleged that defendant has assumed to act, and did act as trustee of the money received from plaintiff; that defendant has neglected and refused to preserve, care for and embellish the lot as required by law and the agreement with plaintiff, and persists in such neglect and refusal unless a further sum is paid by plaintiff.

Further it is alleged that defendant has received over $5,000,000 from other persons for which defendant undertook the perpetual care of other lots in the cemetery on terms and conditions similar to those agreed on with plaintiff. As to the lots of these other persons, it is averred that the cemetery has similarly neglected and refused to care for them.

The complaint then charges that plaintiff and such other persons have never been advised by defendant as to the nature of the investments made by defendant, or the income obtained from such moneys received from plaintiff and others. Plaintiff then alleges that the subject of the action is of common and general interest to the plaintiff and such other persons; that plaintiff sues on behalf of himself and such other persons, and that he has no adequate remedy at law. The first cause of action concludes with the allegation that prior to the commencement of the action, plaintiff duly demanded that defendant account to him for the investment and management of all moneys received by it in trust for the perpetual care of cemetery lots, and that such demand has not been complied with.

The second cause of action, in addition to repeating the allegations of the first cause, alleges the duty of defendant to keep all moneys received by it, for the perpetual care of any lot in the cemetery, separate and apart from the general funds, and to invest said moneys solely in legal investments. It is charged that defendant violated such duty by commingling its general funds with trust funds; that defendant failed to credit the proper amount of income earned from investments to the trust account of plaintiff and others; and that defendant failed to keep accurate records and accounts with respect to such trust funds.

Plaintiff asks for a complete investigation and accounting with respect to the funds received, the appointment of a receiver, etc.

The first cause of action rests upon the theory that a trust was created when the sum of $550 was paid to defendant. If indeed such a relationship existed, a breach thereof would ground an action in equity for an accounting. However, I cannot construe the agreement of October 17, 1922, as one establishing that relationship. No particular language is necessary to create a trust. (*Symmers* v. *Carroll*, 207 N. Y. 632.) One of the distinguishing features between a contractual relationship and one of trust is the existence of a trust *res*. Under the agreement here the $550 received from plaintiff belongs to defendant absolutely. No restrictions are mentioned as to its disposition. The only requirement is that " interest " be allowed at a rate not lower than that which defendant shall receive from any of its investments or securities. The use of the word " interest " instead of the word " income " is another indication of a contractual, as distinguished from a fiduciary, obligation. Defendant is required to allow interest, which is to be used for the perpetual care of a lot. The liability for care exists irrespective of what use was made of the $550. Since no trust was created, the action for an accounting and for a receiver cannot be maintained. (*Stephenson* v. *Go-Gas Co.*, 268 N. Y. 372; *Uhlman* v. *New York Life Ins. Co.*, 109 id. 421.) Upon proper allegations, plaintiff may have a cause of action for breach of contract, but he is not entitled to an equitable accounting.

The allegations in paragraphs " Tenth " and " Twelfth " of the complaint assert that defendant was required to hold the moneys received as trustee because of the provisions of its charter and the applicable statutes, *i. e.*, that a trust was created by operation of law. Section 6 of chapter 156 of the Laws of 1839, which amended the charter of the cemetery, permitted the cemetery to accept property in trust for perpetual care. I do not agree with plaintiff's contention that such section prohibits the cemetery from making a contract for perpetual care in which no trust is created. Its purpose is permissive and not restrictive; its intention was an extension of power to receive property in trust as well as otherwise.

Plaintiff has an adequate remedy at law under the contract. If defendant has not applied sufficient interest to the care of the lot, that fact can be ascertained and damages recovered in an action at law. The provisions of the Civil Practice Act relating to examinations before trial afford plaintiff an adequate remedy to obtain the information as to whether defendant has allowed sufficient interest. No accounting is necessary for that purpose.

The second cause of action is also based upon the assumption that a trust exists. The disposition of the first cause of action upon this motion requires a similar ruling as to this cause. There was

no necessity for keeping the fund given by plaintiff to defendant separate and apart from its other funds.

Plaintiff sues here in a representative capacity. The essentials which sanction such a suit are lacking here. There is no common fund and no common interest with others. Plaintiff's contract is separate and distinct from the contracts which defendant may have with other lot owners. The damages plaintiff has sustained are not in any way related to damages which may have been suffered by other owners of lots. Hence this action cannot be maintained as a representative one. (*Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282.)

For the reasons stated, the motion to dismiss will be granted, with leave to plaintiff, if so advised, to serve an amended complaint stating a cause of action at law. In view of this disposition it is unnecessary to consider the applications for alternative relief under rules 102 and 103 of the Rules of Civil Practice. Settle order.