ELIZABETH A. FRENCH, Plaintiff, *v.* THE KENSICO CEMETERY, Defendant.

Supreme Court, Westchester County, October 11, 1941.

*Joel Mencher*, for the plaintiff.

*Bleakley, Platt & Walker*, for the defendant.

WITSCHIEF, J. Plaintiff had a mausoleum and plot in a cemetery operated by the defendant. Under date of June 24, 1931, the defendant wrote the plaintiff inclosing a form " for perpetual care of your plot," which was to be signed by the defendant on receipt of $5,000. The money was received and the defendant sent the plaintiff a written acknowledgment of such receipt and thereby agreed " to invest on bond, mortgage or other interest bearing securities as the directors of the said corporation shall in their discretion deem to be best for that purpose and to apply the income arising therefrom to the cleaning, preservation and repairing when necessary of my mausoleum; keeping a first class lawn on my plot at all times," etc. On July 25, 1939, plaintiff demanded in writing that the defendant return the $5,000, and, when such return was refused, brought this action in which the relief demanded is $5,000, with interest, or that the defendant deliver the securities in which the money has been invested, together with all interest and dividends thereon from July 25, 1939. The plaintiff claims that a contractual relationship was created by the foregoing facts, and that plaintiff should be entitled to declare the contract at an end and have her money returned. The defendant claims that a trust or fiduciary relationship arose on the facts stated. If a trust resulted, this action at law may not be maintained even though the trust has been legally revoked, because such revocation did not entitle the plaintiff to immediate possession of the trust corpus, and her only remedy was by way of an action for an accounting. (*Neary* v. *City Bank Farmers Trust Co.*, 260 App. Div. 791.) In *Kahlmeyer* v. *Green-Wood Cemetery* (175 Misc. 187), upon quite similar facts, it was held that a trust did not result upon the facts stated, but that the money paid belonged to the defendant absolutely, although the defendant was required to allow interest thereon and apply such interest to a particular purpose. In *Allegheny College* v. *National Chautauqua County Bank* (246 N. Y. 369) decedent had subscribed $5,000 to Allegheny College payable thirty days after her death. " In loving memory this gift shall be known as the Mary Yates Johnston Memorial Fund, the proceeds from which shall be used to educate students preparing for the Ministry." Before her death decedent had paid $1,000 of the amount pledged and then repudiated the pledge. The action was brought against the executor of her estate to recover the unpaid

balance. It was held that a contract had resulted upon the acceptance of the payment of $1,000, whereby the plaintiff had assumed the duty to maintain a memorial in the spirit of its creation and that the assumption of such duty was a sufficient consideration to validate the subscription. It was also held that the result was to create a bilateral agreement. The conclusion reached in this case is that no trust arose but that a bilateral contract followed upon the receipt of the money by the defendant. A contract existing between the parties, it may not be terminated by the plaintiff or canceled or revoked unless for fraud or some breach of such contract, and none of these grounds is alleged. The complaint is, therefore, dismissed upon the merits, with costs.