COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, Respondent, v. WALTER WHITE, Appellant.—

It is sufficient to say that several factors, among them the complainant's admitted promiscuity and her failure to institute proceedings for a period of four years, leave the testimony in a state less than satisfactory (*Commissioner of Public Welfare* v. *Ryan*, 238 App. Div. 607). Possibly this lack can be cured upon the new trial ordered herein.— Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

STEPHEN MEDVEC et al., on Behalf of Themselves and All Other Former Statutory Tenants of Nos. 325 to 335 East 69th Street, Borough of Manhattan, Similarly Situated, Respondents, v. 333 EAST 69TH STREET CORP., Appellant.—

The motion is granted to the extent of requiring plaintiffs to serve an amended complaint separately stating and numbering the separate causes of action of the five plaintiffs, and eliminating in such amended complaint all the allegations and descriptive portions relating to the fact that the action is representative in character. Such amended complaint is to be served within 20 days after the entry of the order hereon. The complaint purports to be a representative suit by five former statutory tenants, on behalf of themselves and all former statutory tenants of certain premises, for damages, pursuant to the Emergency Housing Rent Control Law and the State Rent and Eviction Regulations. The causes of action are based on the failure of the landlord to complete demolition within six months after the removal of the last tenant and to commence construction within 90 days after completion of demolition, after the landlord had obtained certificates of eviction pursuant to section 58 of the State Rent and Eviction Regulations. In our opinion, a representative action, under section 195 of the Civil Practice Act, is not maintainable since each plaintiff as a former statutory tenant, has a separate cause of action, has suffered a separate wrong and has a different measure of damages. Under those circumstances, while the various causes of action of each plaintiff may be joined in one suit under section 212 of the Civil Practice Act, a representative suit may not be brought. (*Brenner* v. *Title Guar. & Trust Co.*, 276 N. Y. 230; *Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282; *Kahlmeyer* v. *Green-Wood Cemetery*, 175 Misc. 187, mod. 261 App. Div. 950, affd. 287 N. Y. 787; cf. *Simmons* v. *Rudolph Knitting Mills*, 264 App. Div. 871; *Koster* v. *Turchi*, 79 F. Supp. 268, affd. 173 F. 2d 605; *Miller* v. *Woods*, 185 F. 2d 499.) Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.