ALEXANDER J. D. GREELEY, Individually and on Behalf of 2,900 Other Former Tenants of Defendant Similarly Situated, Respondent, v. ROCKAWAY POINT DEVELOPMENT CORPORATION, Appellant.—

The amended complaint shall be served within 30 days after entry of the order hereon. Without regard to the plaintiff's allegations of representative character, the "FIRST CAUSE OF ACTION" set forth in the complaint states a cause of action for fraud and deceit as well as a cause of action to recover money had and received, based on the alleged overpayments of additional rent to defray a proportionate share of the taxes pursuant to the lease (*Hoyt* v. *Wright*, 237 App. Div. 124). However, neither the cause of action for fraud (see Civ. Prac. Act, § 195; *Brenner* v. *Title Guar. & Trust Co.*, 276 N. Y. 230; *Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282), nor the claim for damages to recover money had and received, may be here asserted by a representative action. No rights to a common fund or property being asserted, we do not think that there is sufficient common or general interest among the former tenants who possess individual claims for damages which are subject to their individual rights and obligations. Nor do we deem it impracticable to bring all the alleged 2,901 former tenants before the court, since their individual claims would have to be passed upon, in any event, in order to calculate the amount of any judgment which might be recovered against the defendant (*Atkins* v. *Trowbridge*, 162 App. Div. 629). Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.