Edward S. Conway, J.
Ceracche Television Corporation, on its own behalf and as a representative of a class, makes two motions; first, for a declaratory judgment declaring that section 817 of the Executive Law is unconstitutional and requiring the return of all money paid to the State as required by the section; and second, for a judgment pursuant to CPLR article 78 setting aside an order of the State Commission on Cable Television (general order No. 4) which implements section 817 of the Executive Law.
In the declaratory judgment action, plaintiff-petitioner has moved for summary judgment and the defendants-respondents have cross-moved for a summary judgment declaring the section in question to be constitutional and valid in all respects. In the article 78 proceeding, the respondent commission has by its answer raised objections in point of law and asks for a dismissal of the proceeding.
Plaintiff-petitioner Ceracche Television Corporation is a corporation engaged in the business of operating cable television systems in the State of New York. Defendants-respondents constitute the New York State Commission on Cable Television authorized to regulate all cable television compa *958 nies in the State of New York pursuant to section 811 et seq. of article 28 of the Executive Law, enacted as chapter 466 of the Laws of 1972.
Essentially, section 817 of the Executive Law establishes the reimbursement procedure by which the Cable Television Commission defrays its expenses. It provides that the expenses of the commission shall be allocated among the various cable television companies in proportion to their gross receipts. In no event, however, shall any company be assessed for more than 1% of its gross receipts for any 12-month period.
The plaintiff-petitioner contends that the statute imposes a gross receipts tax upon proceeds from interstate commerce in violation of article I (§ 8, cl. 3) of the United States Constitution (commerce clause), and further that the statute in question violates article VI of the Constitution (supremacy clause) as it directly violates subdivision (b) of section 76.31 of the Rules of the Federal Communications Commission (47 CFR Part 76).
The defendants-respondents contend that the section reflects the well-established procedure by which many regulatory agencies recover their expenses and in no way violates the commerce clause and further, that the States have the power to regulate cable television companies, as long as its regulation is reasonable and not in conflict with Federal law. The defendants-respondents also urge affirmatively that this is not a proper class action which is authorized by CPLR 1005 (subd. [a]).
The court determines that this action is not properly maintained as a class action. CPLR 1005 (subd. [a]) provides as follows:
"§ 1005. Class actions.
"(a) When allowed. Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.”
The plaintiff-petitioner herein is not a proper representative of a class so as to maintain this action, as some of the services provided by plaintiff-petitioner are not provided by a majority of cable operators and plaintiff-petitioner’s sources of revenue differ from the majority of cable operators. The impropriety of a class action in a case such as this was discussed by the *959 Court of Appeals in Gaynor v Rockefeller (15 NY2d 120, 129): "We note, at the outset, that the four plaintiffs do not have standing to bring a representative action on behalf of all other members of the indeterminate class of Negro citizens who may have been the victims of the alleged discriminatory practices. While this class action is purportedly brought pursuant to CPLR 1005 (a), that section is merely a verbatim restatement of former section 195 of the Civil Practice Act; and, as this court explicitly announced in construing the latter section, a class action may not be maintained where the wrongs asserted are individual to the different persons involved and each of the persons aggrieved 'may determine for himself the remedy which he will seek’ and may be subject to 'a defense not available against others’. (Society Milion Athena v National Bank of Greece, 281 NY 282, 292; see Brenner v Title Guar. & Trust Co., 276 NY 230, 236-237.) 'Separate wrongs to separate persons, though committed by similar means and even pursuant to a single plan,’ we declared in the Society Milion Athena case (281 NY, at p 292), 'do not alone create a common or general interest in those who are wronged.’ ”
The court will now turn to the constitutional question.
Gross annual receipts, as used in the subdivision 2 of section 817 of the Executive Law, is defined by subdivision 5 of section 812 as follows:
" 'Gross annual receipts’ shall mean any and all compensation received directly or indirectly by a cable television company from its operations within the state, including but not limited to sums received from subscribers or users in payment for programs received and/or transmitted, advertising and carrier service revenue and any other moneys that constitute income in accordance with the system of accounts approved by the commission.
"Gross annual receipts shall not include any taxes on services furnished by a cable television company imposed directly on any subscriber or user by any municipality, state, or other governmental unit and collected by the company for such governmental unit.”
Gross annual receipts include only that income derived from operations within the State; the section does not violate the commerce clause (Western Live Stock v Bureau, 303 US 250; H & B Communications Corp. v Richland, 79 Wn2d 312). In upholding a tax levied on the gross revenues of a cable *960 television company, the court in the City of Richland case said (p 314):
"In the instant case, there is no burden on interstate commerce that is not placed on intrastate commerce. Under Richland City Ordinance No. 5.20.090, any person engaged in transmitting television by cable is subject to the gross receipts tax.”
"Appellant’s CATV system is not subject to the risk of repeated taxation of the same nature since it only operates in the city of Richland. Therefore, respondent’s business and occupation tax violates neither the 'discrimination test’ nor the 'multiple burden test’ as set out in Washington-Oregon Shipper Cooperative Ass’n. v Schumacher, supra.
The United States Supreme Court held in Western Live Stock v Bureau (supra , p 256): "Taxation measured by gross receipts from interstate commerce has been sustained when fairly apportioned to the commerce carried on within the taxing state, Wisconsin & M. Ry. Co. v Powers, 191 US 379; Maine v Grand Trunk Ry. Co., supra; Cudahy Packing Co. v Minnesota, supra; United States Express Co. v Minnesota, 223 US 335, and in other cases has been rejected only because the apportionment was found to be inadequate or unfair.”
It is also well settled that the States have the power to regulate cable television companies (TV Pix v Taylor, 304 F Supp 459; and by Federal Communications Act of 1934 [U.S. Code, tit. 47, § 151 et seq.]). congress did not intend absolute pre-emption of the held to the exclusion of all State regulations (Head v New Mexico Bd., 374 US 424).
In National Psychological Assn. for Psychoanalysis v University of State of N. Y. (18 Misc 2d 722, 725-726, affd 10 AD2d 688, affd 8 NY2d 197, app dismd 365 US 298), the court said: "Particularly, courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and invalidity of the act is apparent on its face.” (See Matter of Spielvogel v Ford, 1 NY2d 558, 562.)
In the instant motion, none of the aforesaid tests are present.
The defendants-respondents’ general order No. 4 constituted a reasonable and lawful implementation of subdivision 2 of section 817 of the Executive Law. It explains the basis for the estimate of costs and expenses and the basis upon which the defendants-respondents concluded that plaintiff-petitioner and *961 every cable television company should be assessed its 1% of its annual gross receipts.
The article 78 proceeding challenging general order No. 4 is therefore dismissed and the motion for a declaratory judgment is likewise dismissed, and the cross-motion declaring the section in question constitutional is granted.