Charles R. Rubin, J.
In this action for medical malpractice, the plaintiffs move for leave to amend their complaint to include class action allegations and to add additional party defendants. The application is made pursuant to CPLR article 9, as amended, effective September 1, 1975.
The present complaint alleges that the infant plaintiff had suffered injury to his eyes through a condition known as retrolental fibroplasia ("RLF”), now seeks to convert the complaint into a class action on behalf of a class of similarly *817 situated, infants against a class of purportedly similarly situated defendants. The plaintiffs urge that the proposed amended complaint tenders what they believe to be a "class action,” alleging inter alia the presence of common questions of law and of fact which make such form of action a necessary and desirable expedient. They equate CPLR article 9 with the Federal equivalent (Fed Rules Civ Pro, Rule 23 [US Code, tit 28, Appendix]). A comparison of CPLR article 9 and Federal rule 23 discloses that the New York statute, while not framed exactly as its Federal counterpart, nonetheless indicates that the Legislature acted on the premise of the Federal interpretation.
The class allegations of the proposed amended complaint may be divided into three generic classes with respect to the plaintiff class: (1) All those prematurely born infants between 1953 and 1975 who were born and were administered oxygen at Brookdale Hospital and who developed RLF. (2) All those prematurely born infants who, between the years 1953 and 1975, were treated and/or received oxygen under the care of Drs. Sheppard, Cohen and Nichtern, and who were found to have RLF. (3) All those prematurely born infants (and their parents and guardians) who were the subject babies enrolled in a co-operative study during the period of July 1, 1953 through June 30, 1954, treated at the various hospitals or by the various physicians who, in fact, are named as proposed additional defendants, who were subsequently found to have suffered RLF.
The plaintiffs claim to be the representatives of all of these infants/parents and it is alleged that the identity of these plaintiffs is readily ascertainable through the records of the defendants and is well known to the defendants, and in any event, said classes are so numerous that joinder of all members is impracticable.
It is further alleged that there are questions of law and fact common to the classes which predominate over any questions affecting only individual members and that the claims or defenses are typical of the claims or defenses of the class; that the representative parties will fairly and adequately protect the interests of the class; that a class action is superior to other available methods; and, lastly, that there are no difficulties anticipated in prosecuting the case as a class action.
The briefs submitted in support of and in opposition to the motion have exhaustively treated the subject and I do not *818 hesitate to mention that counsel on both sides should be commended for their scholarly analyses of the class action statutes.
My independent research indicates that the great weight of authority does not permit a class action of the nature here proposed. A most recent and cogent expression by a Federal court is found in Marchesi v Eastern Airlines (USDC, EDNY [Index No. 75C1218, Sept. 16, 1975]) in which Bramwell, District Judge, concluded that: "Since the weight of authority is clear, it is the view of this court that class action certification should be denied and that all class action allegations in the complaint should be stricken.” The Marchesi case involved a recent air disaster at Kennedy International Airport on June 24, 1975, in which 113 persons were killed and 11 persons were injured in varying degrees. Restating the comment of the advisory committee when the 1962 provisions of the Federal class action rule (rule 23) were adopted (Advisory Committee’s Note, Rule 23, 39 FRD 69, 103 [1966]); the court said: "A 'mass accident’ resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability * * * would be present, affecting the individuals in different ways. In these circumstances an action conducted nominally as a class action would degenerate into multiple lawsuits separately tried.”
I find that the charges of neglect and unprofessionalism, or differently put, the acts of alleged malpractice, are each matters individual to the plaintiff involved and all vary in degree from plaintiff to plaintiff. Before it can be determined that one is entitled to damages proximately caused by the alleged negligence and/or malpractice, each plaintiff must prove to be the victim thereof. There is a double issue of proximate causation, one affecting liability and the other affecting damages. Clearly, each of these issues varies and a judgment as to any one of the proposed plaintiffs cannot bind any other involved plaintiff (see Kinzler v New York Stock Exch., 62 FRD 196; Banks v Travelers Ins. Co., 60 FRD 158; Causey v Pan Amer. World Airways, 66 FRD 392; Hobbs v Northeastern Airlines, 50 FRD 76; Daye v Commonwealth of Pennsylvania, 344 F Supp 1337).
As to the proposal to include the experimental hospital and physician groups in this action, it is manifest that they bear *819 no relationship to the present infant plaintiff (3B Moore’s Fed Prac [2d ed], par 2304, p 23-254).
In sum, where the individual questions of liability, causation and damages prevail, as they do in the instant case, over any common question, the courts have universally rejected class action approach (Lah v Shell Oil Co., 50 FRD 198; Robinson v Penn Cent. Co., CCH Fed Sec L Rep, par 93, 772; Schaffner v Chemical Bank, CCH Fed Sec L Rep, par 93, 403; United Equities Co. v New York Tel. Co., 70 Civ 4379 [SDNY, 1971]; Caceres v National Air Transp. Assn., 46 FRD 89, app dsmd 422 F2d 141; Mocarelle v Stamm, 388 F Supp 453; Chicken Delight v Harris, 412 F2d 830; Rauh v Abbott Labs., 71 Civ 819 [SDNY]).
Also, this matter would be unmanageable as a class action. The problems of dealing with the myriad claims of individual plaintiffs compounded by the separate and individual questions which each such claim presents, would render orderly litigation of this action out of hand. There appears to be no manageable way of trying as a class action all the potential claims of the class arising in various jurisdictions, at different times, at a time when the status of medical knowledge is different, when the dissemination of medical knowledge is at best questionable, when defenses and legal applications vary from case to case, and where proximate cause and the existence of damage in each case is an individual variable.
There are many other considerations and legal complexities which need not be discoursed presently. It is sufficient, in my opinion, that a class action of the kind here sought to be invoked does not lie. The motion is denied.