*111 OPINION OF THE COURT
Edward J. Greenfield, J.
This is one of numerous actions commenced by customers of Con Ed to recover damages allegedly suffered as a result of the blackout which occurred on July 13, 1977. Plaintiffs, who operate a fish store and restaurant in Manhattan and a bedding store in The Bronx respectively, and whose damages aggregate less than $7,000, seek to have this action proceed as a class action on behalf of all Con Ed customers in the City of New York and Westchester who are engaged in the retail sale of food or durable goods and who suffered damages including, particularly, spoilage and theft, as a result of the blackout. Before the court is a motion for class action certification or in the alternative for an order permitting the action to proceed partially as a class action pursuant to CPLR 906.
The complaint alleges five causes of action, the first four sounding in warranty and the last in negligence. Plaintiffs contend, inter alia, that between 1965 and 1977, Con Ed represented and warranted that it was reasonably prepared to deliver continuous service and that measures had been taken to prevent a recurrence of the system-wide shutdown which had occurred in 1965. Plaintiffs further allege that they and members of the proposed class reasonably relied on these representations and warranties and took only such steps as were reasonable and economically feasible to protect themselves. Plaintiffs further allege that as a result of Con Ed’s deliberate management policies, the promised remedial measures were not undertaken, resulting in the blackout and the damages alleged.
In order for plaintiffs to prosecute this action as a class action, they must overcome two hurdles. First they must show that each of the prerequisites of CPLR 901 is satisfied. Secondly, assuming that such a showing can be made, plaintiffs must also show that the action is appropriate for class treatment. In determining whether the action is appropriate, the court must consider, inter alia, the extent and nature of other litigation, the desirability of concentrating the controversy in this forum and the difficulties likely to be encountered in such a class action. (CPLR 902.)
An analysis of the allegations of the complaint demonstrates that plaintiffs cannot meet at least three of the prerequisites of CPLR 901. In the first place, common questions of law and fact do not predominate over individual questions.
*112 The alleged warranties were made at various times, in various forms to different members of the proposed class. Plaintiffs themselves became customers of Con Ed at different times, one in 1967 and the other in 1970. It cannot be presumed that a majority of Con Ed customers contracted for service in reliance on Con Ed’s representations, or that the various members of the class relied upon the same representations, having acquired their service at different times. (See, e.g., Strauss v Long Is. Sports, 60 AD2d 501.) Moreover, plaintiffs’ allegation that they and each member of the class, in reliance on these representations and warranties, took only those steps which were reasonable and economically feasible presents questions which are not common but individual to each member of the class. What is reasonable or economically feasible for a department store, for example, is quite different from that which is reasonable or economically feasible for the corner luncheonette.
Neither has plaintiff shown that its claims are typical of the class it seeks to represent. One of the allegations made by plaintiffs is that defendants were negligent in failing to shed load, i.e., in failing to blackout certain limited areas in order to prevent a system-wide shutdown. Implicit in this argument is the assumption that plaintiffs, whose establishments are located in Manhattan and The Bronx, would not have suffered interruptions in service or only minimal interruption, while others would have been blacked out. Thus, in seeking to represent customers throughout New York City and Westchester, there is clearly a potential conflict.
Neither has it been shown that a class action is superior to other methods for adjudicating the controversy, and, in fact, the court concludes to the contrary. Economic reality does not indicate that this is a situation where the instant action must proceed as a class action or not at all (Eisen v Carlisle & Jacquelin, 417 US 156, 161). Rather plaintiff’s claims are substantial enough to permit prosecution, either individually or by consolidating them with other similar cases.
The instant action is analogous to "mass accident” cases, which the courts have found to be particularly unsuited for class action treatment because of the likelihood that questions of liability, proximate cause and damages affect the individual plaintiffs in different ways, which results in the action degenerating into multiple lawsuits separately tried. (See, e.g., *113 Marchesi v Eastern Airlines, 68 FRD 500; Kanon v Brookdale Hosp. Med. Center, 87 Misc 2d 816.)
In a case analogous to the one at bar, Dennis v Long Is. Light. Co. (78 Misc 2d 400) an action which arose in the aftermath of a severe ice storm resulting in loss of power to LILCO’s customers, the court held that a class action did not lie. As noted therein (supra, p 403): "The alleged class herein is composed of countless customers of defendant, many of whom unquestionably suffered considerable discomfort during those bitter cold days in December without any heat or electricity. As a matter of law, however, separate wrongs to separate persons, even if pursuant to a common plan do not alone create a common or general interest. (Society Milion Athena v. National Bank of Greece, 281 N. Y. 282, 292; Young v. Shuart, 67 Misc 2d 689, 691; Summers v. Wyman, 64 Misc 2d 67, 70, affd. 36 A D 2d 795.) Each aggrieved person is entitled to determine for himself the appropriate remedy that he will seek if he so desires and, as Judge Fuld noted in Gaynor v. Rockefeller (15 N Y 2d 120, 129-130), an alleged class action against the State charging discriminatory practices, 'each individual claim might be subject to defenses not available against others; and, in general, determination of the merits of each claim would turn on the particular facts and circumstances involved.’ Such a situation prevails in the case at bar as the wrongs asserted are individual to different persons involved, different remedies are available to each member of the alleged class and varied defenses are available to LILCO on any individual claim asserted.” Although Dennis (78 Misc 2d 400, supra) was decided under the predecessor statute CPLR 1005 (which is substantially more restrictive than CPLR article 9) the court’s reasoning is relevant to the action at bar. Similarly, class action certification was denied in an action against the telephone company (United Equities Co. v New York Tel. Co., 70 Civ 4379 [June 17, 1971, SONY]) based on the company’s alleged failure to provide adequate and efficient service to business subscribers. As noted therein, proof of one set of facts would not establish liability as to all class members.
Moreover, even assuming the prerequisites of CPLR 901 were satisfied, the instant action is clearly not appropriate for class action treatment. In the first place, it would be undesirable and in fact prejudicial to defendant to concentrate all litigation in this forum.
*114 Insofar as the looting claims are concerned, it appears that Con Ed may seek to implead the municipal authorities who are responsible for the public safety. Clearly, claims for damages as a result of looting, which occurred in some 26 separate towns in Westchester, should not proceed in New York County.
In addition, it appears that substantial litigation has already been commenced against Con Ed by members of the proposed class and that the prosecution of separate actions is not impracticable or inefficient in view of the fact that a class action is likely to degenerate into multiple lawsuits, separately tried.
Based on the foregoing, the motion is in all respects denied.