■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v MARIA E. SHICKLER, Appellant. — In an action to replevy collateral pursuant to a retail installment sales contract, defendant appeals from (1) an order of the Supreme Court, Suffolk County (Ortega, J.), dated June 29, 1982, which denied defendant's motion for leave to amend a counterclaim and (2) a further order of the same court, dated September 2, 1982, which denied defendant's motion for partial summary judgment with respect to a counterclaim for conversion. Orders affirmed, with one bill of costs. Defendant sought leave to amend the first counterclaim of her answer alleging violations of the Federal Truth-in-Lending Act (T.I.L.A.) (US Code, tit 15, § 1601 *et seq.*) to add a claim that plaintiff failed to disclose a security interest in unearned insurance premiums in an automobile loan agreement. The claim defendant seeks to assert is based on a construction of the T.I.L.A. rejected by the United States Supreme Court in *Anderson Bros. Ford v Valencia* (452 US 205). A motion to amend a pleading to add a claim that is patently without merit should be denied to avoid the possibility of needless litigation (see *Sharapata v Town of Islip,* 82 AD2d 350, affd 56 NY2d 332). Moreover, defendant moved for partial summary judgment with respect to the sixth counterclaim of her answer alleging conversion on the ground that plaintiff had received 60% of the cash price of the collateral at the time of repossession, but had failed to dispose of the collateral within 90 days, pursuant to section 9-505 of the Uniform Commercial Code. On this record, we find that defendant's motion papers raised a triable issue of fact as to whether plaintiff received 60% of the cash price of the collateral. Hence, summary judgment was properly denied even though plaintiff failed to submit papers in opposition to the motion. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.