■ IRA E. SAFERSTEIN et al., Respondents, v MIDEAST SYSTEMS, LTD., et al., Appellants, et al., Defendant.—In an action to recover damages for breach of contract, the defendants Mideast Systems, Ltd., Dominick Cosentino, Etrusca Cosentino, and Sol Weinberg appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered January 13, 1987, as, upon an order of the same court entered January 2, 1987, as amended January 9, 1987, granting the plaintiffs' motion for summary judgment and denying their cross motion for dismissal of the complaint or for leave to serve an amended answer, is in favor of the plaintiffs and against the defendant Mideast Systems, Ltd., Dominick Cosentino, and Etrusca Cosentino in the principal sum of $60,000, and the defendant Sol Weinberg in the principal sum of $12,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Upon our review of the record, we find that the appellants failed to raise an issue of fact requiring a trial and summary judgment was properly granted to the plaintiffs. The parties do not dispute that a condition precedent to their 1984 agreement requiring the issuance of a confirmed or insured letter of

credit in exchange for the plaintiffs' contribution of $60,000 was never met. Under the terms of the agreement, in the absence of the letter of credit issued by a date certain the appellants were to return to the plaintiffs the $60,000 contribution, plus 20% interest. The language of the agreement is clear and unambiguous. Contrary to the appellants' contention, the condition precedent was not waived by the plaintiffs. Accordingly, the plaintiffs were properly awarded damages in the amount awarded against each of the appellants. Because the conditions precedent remained unsatisfied, we need not reach the issue of whether the remaining provisions of the contract are legally enforceable. In this respect, the Supreme Court properly denied leave to the appellants to amend their answer to add a new affirmative defense alleging that the agreement between the parties constituted a usurious loan. Although leave to amend a pleading should be freely granted (see, CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957), the court is not required to permit futile amendments which may lead to needless litigation (see, e.g., General Motors Acceptance Corp. v Shickler, 96 AD2d 926). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.