■ THEODORE STERNBERG, Appellant, v NEW YORK WATER SERVICE CORPORATION, Respondent.—In an action, *inter alia,* to recover damages for negligence, gross negligence and breach of warranty, and for injunctive relief, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered February 29, 1988, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's first, third, fourth, fifth, sixth and seventh causes of action, and denied, as moot, the plaintiff's motion for class action certification, and (2) so much of a judgment of the same court, entered April 11, 1988, as is in favor of the defendant and against the plaintiff dismissing the first, third, fourth, fifth, sixth and seventh causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the third, fourth, fifth and sixth causes of action, and those causes of action are reinstated; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant water company, which supplies household water to its customers in Nassau County, began treating its water supply with Calgon (sodium hexametaphosphate) in order to prevent the oxidation of iron particles in the water. The gravamen of the instant action is that the defendant placed improper amounts of Calgon in the water which caused a gelatin-like mixture to form and thereby damaged hot water heating systems.

Contrary to the holding of the Supreme Court, the complaint does allege, in the sixth cause of action, that the defendant engaged in conduct which constituted gross negligence. Accordingly, that cause of action must be reinstated (*see generally, Food Pageant v Consolidated Edison Co.,* 54 NY2d 167). Similarly, in the absence of any allegation by the defendant that a contractual provision exists limiting its liability for ordinary negligence, the fifth cause of action, which alleges ordinary negligence, must be reinstated as well (*cf., Food Pageant v Consolidated Edison Co., supra,* at 172). The third and fourth causes of action, which allege, respectively, a violation of General Business Law § 349 (h) and Public Service Law § 89-b (1), were also properly pleaded and must be reinstated.

The first and seventh causes of action were properly dismissed. In the first cause of action, the plaintiff alleged that the defendant "breached the implied warranties of merchantability and fitness for a particular purpose pursuant to § 2-314 and § 2-315 of the Uniform Commercial Code in that, *inter alia,* the water supplied by defendant is not fit for the ordinary purposes for which such water is used". In *Canavan v City of Mechanicville* (229 NY 473), the Court of Appeals held that although the furnishing of water constitutes the sale of goods, no such warranties are implied. We find that the holding of *Canavan v City of Mechanicville (supra)* is applicable to the facts and circumstances of this case.

The seventh cause of action, which seeks injunctive relief, was properly dismissed, in view of the determination of the Public Service Commission that the defendant "has taken the appropriate corrective action to resolve the problems in its system".

Finally, the plaintiff's motion for class action certification was properly denied, but for a reason different from that asserted by the Supreme Court. On the merits, the main

issues in this case require "individualized investigation, proof and determination" and "[t]he necessity for such particularized consideration of liability and damages precludes a finding of predominance of common questions of law or fact" *(Evans v City of Johnstown,* 97 AD2d 1, 3; CPLR 901 [a] [2]). Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.