■ GEORGE B. MORGAN et al., Appellants, v A. O. SMITH CORPORATION et al., Respondents. [650 NYS2d 748] —In an action to recover damages for breach of warranty and fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered September 29, 1995, as denied that branch of their motion which was for class action certification pursuant to CPLR article 9.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

During a five-year period between 1979 and 1984, the seven plaintiffs, who are New York farmers and farm owners, leased or purchased Harvestore feed grain storage silos from the defendants. The plaintiffs allege that they leased or purchased the Harvestore silos in reliance upon misrepresentations that these structures would either prevent oxygen from coming into contact with stored animal feed, or reduce the amount of oxygen entering the structures, thereby preventing the feed from spoiling. In the Fall of 1991, the New York State Attorney-General commenced an action to enjoin the defendant A. O. Smith Harvestore Products, Inc., from engaging in deceptive business practices, which culminated in a consent order enjoining A. O. Smith from representing that its storage silos were oxygen-free or oxygen-limiting. The plaintiffs subsequently instituted this action to recover the lease payments or purchase prices paid for their Harvestore silos, as well as consequential and punitive damages. Following the commencement of this litigation, the plaintiffs moved for an order permitting their suit to proceed as a class action on behalf of all similarly situated New York residents who had leased or purchased new Harvestore structures. The Supreme Court denied the motion for class action certification, concluding that individual issues of reliance and damages predominated over common issues of law and fact.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in denying their motion to certify a class action. In order to certify a law suit as a class action, the court must be satisfied that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (*see*, CPLR 901 [a]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 89). Here, while the plaintiffs allege that there is a predominant common question of fact as to whether they and the prospective class members

purchased or leased Harvestore silos based upon advertising claims that the structures were oxygen-free or oxygen-reducing, individual issues exist as to what each proposed class member knew or was told about the structures, and what influenced their decision to purchase or lease Harvestore silos over a five-year period. Notably, the record indicates that the plaintiffs themselves considered a number of factors before purchasing or leasing Harvestore silos. Accordingly, it cannot be presumed that the prospective class members purchased or leased Harvestore structures in reliance upon their alleged oxygen-free or oxygen-reducing features (see, Katz v NVF Co., 100 AD2d 470; cf., Weinberg v Hertz Corp., 116 AD2d 1, 7, affd 69 NY2d 979). Moreover, the plaintiffs' claim that the silos damaged their farming operations by causing feed grain to spoil and animals to become ill will require "individualized investigation, proof and determination", which militates against granting class action certification (Evans v City of Johnstown, 97 AD2d 1, 3; Sternberg v New York Water Serv. Corp., 155 AD2d 658). Under these circumstances, granting the plaintiffs' motion for class action certification will not foster fair and efficient adjudication of their claims.

Finally, we find no merit to the plaintiffs' contention that the Supreme Court erred in failing to conduct a hearing on their motion. The plaintiffs never requested such a hearing, and, in any event, the record before the court was sufficient to allow it to determine the class certification issue. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.