■ JAYNE R. KARLIN et al., Appellants, v IVF AMERICA, INC., et al., Respondents. [657 NYS2d 460] —In an action, *inter alia,* to recover damages for violations of General Business Law §§ 349 and 350 and medical malpractice based on lack of informed consent, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered April 24, 1996, which denied their motion for class action certification pursuant to CPLR article 9.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

From August 1987 through April 1990, the plaintiffs Kenneth Karlin and Jayne Karlin were treated at the defendants' infertility clinic, but were unable to conceive. In 1994 the plaintiffs· commenced this action alleging that the defendants misrepresented their success rates and concealed the health risks of the treatment. Following the commencement of this litigation, the plaintiffs moved for leave for the action to proceed as a class action on behalf of all persons who sought evaluation and treatment from the defendants in New York State, but excluding claims of personal injuries resulting from the treatment. The Supreme Court denied the motion.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in denying their motion to certify a class action. In order to certify a lawsuit as a class action, the court must be satisfied that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (CPLR 901 [a]; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 89). Here, individual issues exist as to what each patient was told about the treatment, the effect on each patient, and the extent of damages *(see, Komonczi v Fields,* 232 AD2d 374; *Sternberg v New York Water Serv. Corp.,* 155 AD2d 658; *Rosenfeld v Robins Co.,* 63 AD2d 11). Ac-

cordingly, granting the plaintiffs' motion for class action certification will not foster fair and efficient adjudication of their claims *(see, Morgan v Smith Corp.,* 233 AD2d 375). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.