■ INTERPHARM, INC., Appellant, v FAIRCHILD WAREHOUSE ASSOCIATES, Respondent. [673 NYS2d 927] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), entered May 15, 1997, which granted the defendant's motion to dismiss the second, third, and fourth causes of action and denied its cross motion for leave to amend the complaint, and (2) an order of the same court (Schmidt, J.), entered February 25, 1998, which granted the defendant's motion for a preliminary injunction enjoining the plaintiff from, inter alia, issuing obnoxious or offensive odors from its premises. The notice of appeal from the decision dated July 14, 1997, is deemed

to be a premature notice of appeal from the order entered February 25, 1998 (*see*, CPLR 5520 [c]).

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court dismissed the plaintiff's second and fourth causes of action on the ground that the plaintiff impermissibly split its breach of contract claim. However, we find that the second cause of action should have been dismissed as it was merely a repetition of the first cause of action (*see*, *Squire Records v Vanguard Recording Socy.*, 25 AD2d 190, *affd* 19 NY2d 797).

The dismissal of the third cause of action on the ground that it was a negligence cause of action predicated on a duty arising out of a contract was proper (*see*, *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316; *Vought v Teacher Coll.*, 127 AD2d 654), and the dismissal of the fourth cause of action was warranted on the same ground.

The court properly denied the plaintiff's cross motion for leave to amend the complaint (*see*, *General Motors Acceptance Corp. v Shickler*, 96 AD2d 926).

The defendant was entitled to a preliminary injunction since it sufficiently established the likelihood of success on the merits and irreparable harm in the absence of injunctive relief and demonstrated a balancing of equities in its favor (*see*, *Aetna Ins. Co. v Capasso*, 75 NY2d 860; *Doe v Axelrod*, 73 NY2d 748; *Standardbred Owners' Assn. v Yonkers Racing Corp.*, 239 AD2d 491).

The appellant's remaining claims are either unpreserved for appellate review or do not warrant reversal. Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.