(November 15, 1999)

■ AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC., Respondent, v DAVID CAPLAN, Appellant. [697 NYS2d 519] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated November 17, 1998, as denied those branches of his motion which were (a) to extend his time to move pursuant to CPLR 902 to certify his first counterclaim as a class action, and (b) to compel the plaintiff to answer numbers 5 through 8, 17 through 30, 32, 33, and 35 in his first set of interrogatories.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to compel the plaintiff to answer numbers 27, 28, and 29 in his first set of interrogatories and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the defendant's motion which was to extend his time to move pursuant to CPLR 902 to certify his first counterclaim as a class action. Under the facts and circumstances of this case, class

action certification is not appropriate (*see,* CPLR 901 [a]; *Karlin v IVF Am.,* 239 AD2d 562; *Vermeer Owners v Guterman,* 169 AD2d 442, *affd* 78 NY2d 1114; *Sternberg v New York Water Serv. Corp.,* 155 AD2d 658).

For the most part, we agree with the plaintiff that the court properly exercised its discretion in disposing of that branch of the defendant's motion which was to compel the plaintiff to serve a response to his first set of interrogatories. However, our review of the record indicates that interrogatories numbered 27, 28, and 29 were proper and the plaintiff must serve an answer thereto (*see generally,* CPLR 3131). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.