■ STEVEN LIEBERMAN, Appellant, v 293 MEDITERRANEAN MARKET CORP. et al., Respondents. [756 NYS2d 469] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered May 20, 2002, which denied his motion for class action certification pursuant to CPLR article 9 and for partial summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of his motion which was to certify a class action. To certify a lawsuit as a class action, the court must be satisfied that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and

efficient adjudication of the controversy (*see* CPLR 901 [a]). Here, the predominance of individualized factual questions renders this case unsuitable for class treatment (*see e.g. Karlin v IVF Am.,* 239 AD2d 562, 563 [1997]; *Komonczi v Fields,* 232 AD2d 374 [1996]). Accordingly, granting that branch of the plaintiff's motion which was for class action certification would not foster fair and efficient adjudication of all of the claims (*see Karlin v IVF Am., supra*).

In addition, contrary to the plaintiff's argument, there is no definitive evidence that an employee contaminated the food at the defendant restaurants. The plaintiff also failed to establish, in support of that branch of his motion which was for partial summary judgment, that his injury resulted from consumption of food prepared at the defendant restaurants (*see Brown v City Sam Rests.,* 246 AD2d 301 [1998]; *Valenti v Great Atl. & Pac. Tea Co.,* 207 AD2d 340 [1994]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for partial summary judgment. S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.