■ IVAN DIMICH, Appellant, v MED-PRO, INC., Defendant, and ALBERS MEDICAL DISTRIBUTORS, INC., et al., Respondents. [826 NYS2d 3]—

Orders, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 18, 2005, which denied plaintiff's motion for reinstatement of his common-law fraud claim and for class certification; entered November 21, 2005, which denied plaintiff's motions for leave to renew and to serve a fourth amended complaint naming Margaret Williams as another putative class representative, and granted the Rite Aid defendants' cross motion for sanctions; and entered February 24, 2006, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In this putative class action alleging a scheme to sell counterfeit Lipitor, a prescription cholesterol-reducing drug, plaintiff Dimich failed to satisfy the typicality requirement of

CPLR 901 (a) (3) where, among other things, the prescription was issued to his wife and paid for, other than a $15 copayment, by her insurance plan, and the recall letter was addressed to her, all of which create unique defenses to his claims.

The predominance of individualized factual questions also renders this case unsuitable for class treatment (CPLR 901 [a] [2]; *Feder v Staten Is. Hosp.*, 304 AD2d 470 [2003]; *Lieberman v 293 Mediterranean Mkt. Corp.*, 303 AD2d 560 [2003]). This defect was not remedied by plaintiff's amendment of the definition of the multistate class and New York subclass to include purchasers of "tainted," rather than "counterfeit," Lipitor (*see Arons v Rite Aid Corp.*, 57 UCC Rep Serv 2d 348 [NJ Super 2005]; *Crepeau v Rite Aid, Inc.*, 71 Pa D & C 4th 449 [Pa Ct Com Pl, Philadelphia County 2005]). Defining the "tainted" or "counterfeit" Lipitor to include all of the recalled Lipitor impermissibly shifted the burden of proof to defendants to show which of the class members received genuine Lipitor (*see also Collins v Safeway Stores, Inc.*, 187 Cal App 3d 62, 72, 231 Cal Rptr 638, 644 [1986]). Given that the prerequisites for class certification were not satisfied, the motion to substitute Williams was correctly denied because the amendment would have been futile (*see Castillo v Starrett City*, 4 AD3d 320, 322 [2004]; *Saferstein v Mideast Sys.*, 143 AD2d 82, 83 [1988]).

Dimich's individual claims were correctly dismissed for lack of standing. Insofar as he was an agent acting solely on behalf of his principal, he cannot sue a third party for injury caused to his principal (*see Braten v Bankers Trust Co.*, 60 NY2d 155, 163-164 [1983]; *Zelber v Lewoc*, 6 AD3d 1043, 1045 [2004]). Because the Lipitor was prescribed for his wife, Dimich is not the true purchaser and the warranty was not intended for him. For the same reason, no duty was owed to him for negligent representation purposes. The injury was too remote for purposes of General Business Law § 349 in that Dimich, acting as his wife's agent, may obtain reimbursement from her for the copayment he allegedly advanced (*see Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200 [2004]). Because Dimich may have acted improperly in obtaining the prescription in his wife's name for his personal use, and with respect to seeking payment for the prescription by her insurer, he should not be permitted to bring a fraud claim (*see Sabia v Mattituck Inlet Mar. & Shipyard, Inc.*, 24 AD3d 178 [2005]).

The imposition of sanctions was warranted for repleading the claim in subsequent complaints after it was dismissed. We have considered plaintiff's other arguments and find them unpersuasive. Concur—Friedman, J.P., Williams, Gonzalez, Sweeny and McGuire, JJ.