# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1049**
**CA 14-01932**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

TAMMY L. WESTFALL, RAYMOND WESTFALL, GLEN C.
DRAKE, MARYANN DRAKE, JOHN R. GAYTON, MARJORY S.
NEWARK, CLARENCE J. NEWARK, BARBARA A. COMSTOCK,
SHARON E. LOWE, DONALD LOWE, RYAN M. GERRITY,     MEMORANDUM AND ORDER
KATHLENE Y. RUCINSKI, WADE VOSBURGH, DOROTHY
VOSBURGH, BOBBI JO GROFF, WAYNE GROFF, CYNTHIA L.
PENNELL, DANIEL PENNELL, RAYMOND L. MCGINNIS,
JOLENE E. WEST, DANE SEXTON, CAROL SEXTON, JAMES S.
RAUH, JR., CINDY RAUH, TONYA I. FINSTER, GEORGE
FINSTER, WEALTHY BUCKTOOTH, MELISSA M. STEVENS,
VIOLA STEVENS, JOHN S. BRENNAN, SCOTT L. ANDERSON,
TERESA ANDERSON, EDWARD WHITE AND OTHERS SIMILARLY
SITUATED, PLAINTIFFS-APPELLANTS,

V

OLEAN GENERAL HOSPITAL AND UPPER ALLEGHENY HEALTH
SYSTEM, INC., DEFENDANTS-RESPONDENTS.

---

BROWN CHIARI, LLP, LANCASTER (MICHAEL SCINTA OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (SALLY J. BROAD OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cattaraugus County
(Paula L. Feroleto, J.), entered July 30, 2014.  The order denied
plaintiffs' motion for an order certifying this action as a class
action.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs, a group of over 1,900 patients who
received insulin injections while at Olean General Hospital
(defendant) between November 2009 and January 2013, appeal from an
order denying their motion for class certification pursuant to CPLR
902.  We conclude that Supreme Court properly denied the motion.  This
action is based on a letter received by plaintiffs from defendant in
January 2013 informing them that, during the period in which they were
hospitalized, insulin pens may have been shared by more than one
patient, although defendant had not identified any particular patient
who had received an insulin injection from an insulin pen used on
another patient.  The letter also offered free and confidential

testing for hepatitis B, hepatitis C and HIV.  The complaint, in its present form, asserts causes of action for negligence, malpractice, and loss of consortium.

"[A] class action may be maintained in New York only after the five prerequisites set forth in CPLR 901 (a) have been met, i.e., the class is so numerous that joinder of all members is impracticable, common questions of law or fact predominate over questions affecting only individual members, the claims or defenses of the representative parties are typical of the class as a whole, the representative parties will fairly and adequately protect the interests of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (*Rife v Barnes Firm, P.C.*, 48 AD3d 1228, 1229, *lv dismissed in part and denied in part* 10 NY3d 910).  The class representative "bears the burden of establishing compliance with the requirements of both CPLR 901 and 902" (*Ackerman v Price Waterhouse*, 252 AD2d 179, 191).

Where, as here, no plaintiff has tested positive for the blood-borne disease to which he or she allegedly was exposed as a result of defendant's negligence, a prerequisite to recovery is proof of actual exposure to the blood-borne disease (*see e.g. Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d 1, 6; *Siegrist v State of New York*, 55 AD3d 717, 718).  The issue of actual exposure will require individualized determinations with respect to each plaintiff. Further, even if members of the proposed class could establish such actual exposure, "the extent of the damages resulting therefrom [is a] question[] requiring individual investigation and separate proof as to each individual claim" (*Komonczi v Fields*, 232 AD2d 374, 375).  Thus, we conclude that, "even if there are common issues in this case, those issues do not predominate" (*Geiger v American Tobacco Co.*, 277 AD2d 420, 421, *lv dismissed* 96 NY2d 754), and "[t]he predominance of individualized factual questions . . . renders this case unsuitable for class treatment" (*Dimich v Med-Pro, Inc.*, 34 AD3d 329, 330, *lv dismissed in part and denied in part* 8 NY3d 904; *see* CPLR 901 [a] [2]).

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court