■ STEPHEN WOJCIECHOWSKI et al., Individually and on Behalf of All Others Similarly Situated, Appellants, v REPUBLIC STEEL CORPORATION et al., Respondents.—Order unanimously affirmed, without costs, Dillon, J., not participating. Memorandum: The order dismissing plaintiffs' complaint insofar as it purports to allege a class action under CPLR article 9 should be affirmed. The complaint contains allegations of damage in specific amounts to residential properties owned by certain of the named plaintiffs occurring on January 28, 1977 when defendants allegedly caused precipitator dust to become airborne thereby causing discoloration and depreciation in value of the residences. Paragraph 32 of the complaint alleges: "Plaintiffs bring this cause of action against the defendants on behalf of all residential property owners situated in the South District whose real estate has been damaged, discolored and depreciated, and whose damages have not been paid by the defendants herein resulting from the negligence, carelessness and unlawfulness of the defendants occurring on or about January 28, 1977." The record establishes conclusively that the two central issues pertaining to each residential property (i.e., whether any discoloration was caused by defendants' actions on January 28, 1977 and, if so, the extent of the damages resulting therefrom) are questions which require individual investigation and proof and which must be decided separately with respect to each individual claim (see *Rosenfeld v Robins Co.,* 63 AD2d 11; *Kanon v Brookdale Hosp. Med. Center,* 87 Misc 2d 816; and see *Vincent v Hughes Air West,* 557 F2d 759; Advisory Committee's Note, Proposed Rules of Civil Procedure, rule 23 [39 FRD 69, 103]). Furthermore, it appears from plaintiffs' complaint that the class has not been and cannot be described with certainty. Concededly the location of a property within the South District of Buffalo is not determinative and membership in the class necessarily presupposes proof of one of the contested elements in each claim (i.e., that a purported member's property sustained damage which was a result of defendants' actions on January 28, 1977). We conclude therefore that plaintiffs' action does not meet the requirements of CPLR 901 that common questions of law or fact "predominate over any questions affecting only individual members" (CPLR 901, subd [a], par 2) and that a class action be

"superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901, subd [a], par 5) (see *Rosenfeld v Robins Co., supra; Kanon v Brookdale Med. Center Hosp., supra).* We see no merit in plaintiffs' contention that the motion to dismiss under CPLR 3211 (subd [a], par 7) was improper. While a decision as to the propriety of the class would ordinarily follow a motion and a hearing under CPLR 902, we find no fault with the procedure followed where, as here, it appears conclusively from the complaint and from the affidavits that there was as a matter of law no basis for class action relief. (Appeal from order of Erie Supreme Court—class action.) Present—Moule, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.