REBECCA EVANS et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v CITY OF JOHNSTOWN et al., Appellants.

Third Department, November 17, 1983

APPEARANCES OF COUNSEL

*Bond, Schoeneck & King* (*Anthony R. Pittarelli* and *Barry R. Kogut* of counsel), for appellants.

*Miller, Mannix, Lemery & Kafin,. P. C.* (*Benjamin R. Pratt, Jr., Robert J. Kafin* and *Mark J. Schachner* of counsel), for respondents.

OPINION OF THE COURT

MAIN, J.

Plaintiffs instituted this action seeking an injunction and monetary damages for alleged injuries arising from the construction, operation and maintenance of the municipal sewerage plant for the Cities of Johnstown and Gloversville in Fulton County. Plaintiffs sought to maintain the suit as a class action pursuant to CPLR article 9. Special Term granted class certification after an extensive consideration of the factors enumerated in CPLR 901 and 902. Defendants appealed the order granting class status and, after reviewing the facts and the law, we reverse.

At the outset, we recognize that CPLR article 9 was enacted to liberalize the narrow class action legislation which preceded it by providing a flexible, functional scheme for certification of class actions (see, e.g., *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 90-96; Twenty-First Ann Report of NY Judicial Conference, 1976, pp 248-249). In fact, we note that article 9 was designed, in part, to overcome aspects of the prior law which prevented the use of the class action device in cases involving "mass exposure to environmental offenses" (Twenty-First Ann Report of NY Judicial Conference, 1976, p 248; see McLaughlin, An Overview, McKinney's Cons Laws of NY, Book 7B, CPLR art 9, p 319), which is the situation in this case. Despite this avowed purpose and our recognition that CPLR article 9 should be broadly and liberally construed, we cannot grant class action certification where it is unwarranted on the law and facts of a case. Thus, we conclude that in this case, at least one requirement of CPLR 901 has not been

satisfied and, accordingly, class action status is inappropriate.

CPLR 901 establishes five prerequisites which must be considered with the factors delineated in CPLR 902 and which must be satisfied before class action status can be granted. The predominance requirement, i.e., that "questions of law or fact common to the class * * * predominate over any questions affecting only individual members" (CPLR 901, subd a, par 2), is the one which troubles us here. We do not dispute that there are many aspects of this case which would be similar, if not the same, for all members of the proposed class, i.e., matters relating to the design, construction, operation and maintenance of the sewerage plant and to biological and chemical reactions caused by any alleged pollution or effluent from the plant. It is clear to us, however, that the main issues of whether a specific injury to property or person was caused by the sewerage plant and of the extent of any damages require individualized investigation, proof and determination (see *Wojciechowski v Republic Steel Corp.*, 67 AD2d 830, mot for lv to app dsmd 47 NY2d 802). The necessity for such particularized consideration of liability and damages precludes a finding of predominance of common questions of law or fact.

That plaintiffs seek injunctive relief in addition to damages, a fact relied on by Special Term to distinguish the instant case from *Wojciechowski v Republic Steel Corp.* (*supra*), wherein the plaintiffs sought only damages, is insufficient to convince us otherwise. The relief sought does not alter the fact that certain elements of the torts alleged, such as those comprising liability and damages, must be proved in each situation on facts and law applicable to that particular situation. Moreover, damages are sought herein; injunctive relief is not the only remedy sought by plaintiffs, thus limiting any distinction with *Wojciechowski* and also distinguishing this case from *Greer v Smith* (155 App Div 420). We are also unpersuaded by Special Term's reliance on *Biechele v Norfolk & Western Ry. Co.* (309 F Supp 354) and plaintiffs' citation to *Ouellette v International Paper Co.* (86 FRD 476). In *Biechele,* the issue of liability in relation to damages was never ad-

dressed by the court, making the case suspect as precedent herein. In *Ouellette,* the District Judge found class action status appropriate in environmental offense litigation as a matter of policy, ignoring legal concepts such as liability which underlie such litigation.

Furthermore, we do not believe that the failure to certify a class in this case will be counterproductive to achieving " ' "economies of time, effort, and expense and promot[ing] uniformity of decision as to persons similarly situated" ' " (*Friar v Vanguard Holding Corp.,* 78 AD2d 83, 97, *supra*), factors which have been utilized in resolving the predominance issue (*supra*). Certain issues in this case, such as the duty and breach issues which are components of plaintiffs' negligence cause of action or the intent element of the trespass cause of action, may be subject to issue preclusion once they are fully and fairly litigated and, thus, will not require extensive relitigation (see, e.g., *Rosenfeld v Robins Co.,* 63 AD2d 11, 20-21, app dsmd 46 NY2d 731). For all these reasons, we conclude that Special Term erred in finding a predominance of common issues.

Accordingly, CPLR 901 has not been satisfied and class action status should be denied herein. In light of this determination, it is unnecessary to consider the other arguments of the parties.

The order should be reversed, on the law and the facts, and the cross motion denied.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order reversed, on the law and the facts, without costs, and cross motion denied.