■ W. LAIRD ROBERTSON et al., on Behalf of Themselves and All Persons Similarly Situated, Respondents, v E. SMALIS PAINTING COMPANY, Appellant.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Special Term abused its discretion in granting plaintiffs' motion for class action certification. Plaintiffs commenced this action for property damages arising from defendant's preparation and painting of the Skyway Bridge in Buffalo from April 1, 1985 to October 15, 1985. Plaintiffs allege that each suffered property damage, in amounts averaging $300 to $600, from falling debris and/or paint overspray. The record establishes conclusively that the two central issues pertaining to each item of personal property (i.e., whether any damage was caused by defendant's actions and, if so, the extent of the damages resulting therefrom) are questions which require individual investigation and proof and which must be decided separately with respect to each individual claim *(see, Evans v City of Johnstown,* 97 AD2d 1, 3; *Wojciechowski v Republic Steel Corp.,* 67 AD2d 830, *lv dismissed* 47 NY2d 802; *Eisner v City of New York,* 118 Misc 2d 672, 673). We therefore conclude that plaintiffs' action does not satisfy the prerequisites of CPLR 901 that common questions of law or fact "predominate over any questions affecting only individual members" (CPLR 901 [a] [2]) and that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901 [a] [5]; *see, Rosenfeld v Robins Co.,* 63 AD2d 11). (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—class action—certification.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.

■ R. C. SIEBERT, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64557.)—Judgment unanimously affirmed without costs for reasons stated at Court of Claims, Quigley, J. (Appeal from judgment of Court of Claims, Quigley, J.—breach of contract.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.