■ RONALD APREA et al., Appellants, v HAZELTINE CORPORATION et al., Respondents. [669 NYS2d 61] —In an action, inter alia, to recover damages for nuisance, negligence, and trespass, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rohl, J.), dated November 14, 1996, which denied their motion for class action certification pursuant to CPLR article 9.

Ordered that the order is affirmed, with costs.

In March 1994, the plaintiffs Ronald Aprea and Angela Aprea received a letter from the New York State Department of Environmental Conservation informing them that the defendant Hazeltine Corporation's facility near their home had been designated as a Class 2 hazardous waste site. In or about August 1994, the plaintiffs commenced this action alleging that chemicals emitted from the defendant's Greenlawn Facility had been carried onto their soil, air, and groundwater. Further, the plaintiffs claim that the value of their property has declined either as a result of hazardous waste being carried onto their property or fear that because of their proximity to the Greenlawn Facility, hazardous waste will be so carried. Following commencement of this action, the plaintiffs moved for an order permitting their suit to proceed as a class action on behalf of all residents and property owners who had been injured as a result of the "unlawful discharge of toxic chemicals by defendant Hazeltine at its plant" in Greenlawn, New York. In the plaintiffs' motion for class certification, they further defined the class as those who owned property or resided within one quarter mile of the Greenlawn Facility. The Supreme Court denied the motion.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in denying their motion to certify a class action. In order to certify a lawsuit as a class action, the court must be satisfied that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (*see,* CPLR 901 [a]; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 89). Here, issues exist as to whether and to what extent the emission caused any damage to any individual's property or their use and enjoyment thereof, and whether and to what extent the proximity of the Greenlawn Facility affected the market value of individual properties (*see, Evans v City of Johnstown,* 97 AD2d 1; *Wojciechowski v Republic Steel Corp.,* 67 AD2d 830). Accordingly, granting the plaintiffs' motion for class action certification will not foster fair and efficient adjudication of their claims (*see, Askey v Occidental Chem. Corp.,* 102 AD2d 130). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.