■ WILLIAM GEIGER et al., Appellants, v AMERICAN TOBACCO COMPANY et al., Respondents. [716 NYS2d 108] —In a proposed class action by and on behalf of, among others, New York State residents who have contracted lung and/or throat cancer from smoking cigarettes, to recover damages, *inter alia*, for failure to warn prior to 1969, the plaintiffs appeal from an order of the Supreme Court, Queens County (Berke, J.), dated September 2, 1999, which denied their cross motion for class certification.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contentions, the Supreme Court properly denied their cross motion for class action certification. The purportedly common issues proposed by the plaintiffs in their complaint are actually dependent on the resolution of issues such as addiction and causation as to each individual member of the proposed class. Issues of causation must be resolved on a case-by-case basis, and thus, the difficult questions of causation and the extent of injuries (*see, Rosenfeld v Robins Co.,* 63 AD2d 11, 15-16), weigh against class action treatment (*see, Small v Lorillard Tobacco Co.,* 252 AD2d 1, 7, *affd* 94 NY2d 43; *Rosenfeld v Robins Co., supra,* at 17; *see also, Insolia v Philip Morris, Inc.,* 186 FRD 535, 542-543; *In re Agent Orange Prod. Liab. Litig.,* 818 F2d 145, 165).

Although the plaintiffs contend that addiction is not an issue, proof of addiction is essential to the causes of action asserted by the plaintiffs (*see, Small v Lorillard Tobacco Co., supra,* at 8; *Barnes v American Tobacco Co.,* 161 F3d 127, 144, *cert denied* 526 US 1114). Addiction is an issue " '[involving]

far too many subjective factors and present[ing] many of the same manageability concerns * * * to warrant class action treatment'" (*Small v Lorillard Tobacco Co., supra*, at 8; *see also, Castano v American Tobacco Co.*, 84 F3d 734).

With respect to the defective design cause of action, each type and brand of cigarette contains different tar and nicotine yields. Cigarettes are not a generic product. Although each cigarette does contain tar and nicotine, under a strict product liability theory, " 'each class member would have to establish that the type of cigarettes he or she smoked contained a defect at the time he or she smoked them'" (*Barnes v American Tobacco Co., supra*, at 145; *see also, Arch v American Tobacco Co.*, 175 FRD 469). Since the plaintiffs allege that the defendants intentionally designed the cigarettes to be addictive by manipulating the levels of tar and nicotine in the cigarettes, proof of whether the defendants caused the injury will depend on addiction as well (*see, Barnes v American Tobacco Co., supra*, at 145). Additionally, certain defects may be present in some types of cigarettes, while absent in others. Thus, there are issues with respect to that cause of action which affect only individual members of the proposed class.

As the Supreme Court properly concluded, even if there are common issues in this case, those issues do not predominate (*see,* CPLR 901 [a] [2]). Although a court has the power to sever issues and try the remaining matters as a class action (*see,* CPLR 906), it does not appear that judicial economy would be served by following that course of conduct in this case (*cf., Reynolds Tobacco Co. v Engle*, 672 So 3d 39, 41 [Fla]). Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.