■ KINGS CHOICE NECKWEAR, INC., et al., Appellants, v DHL AIRWAYS, INC., et al., Respondents. [836 NYS2d 605]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 19, 2006, which denied plaintiffs' motion for class certification, unanimously affirmed, with costs.

Whether a particular lawsuit qualifies as a class action matter ordinarily rests within the sound discretion of the trial court, although the Appellate Division is vested with the same discretionary authority that may be exercised even absent an abuse of discretion (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52-53 [1999]). However, the party seeking class certification still bears the initial burden of establishing the criteria prescribed in CPLR 901 (a) (*Rabouin v Metropolitan Life Ins. Co.*, 25 AD3d 349, 350 [2006]). Here, the motion court was warranted in denying the request to represent a class of New York and non-New York residents who have paid or were charged with certain duty processing fees by defendants.

Notwithstanding that plaintiffs have asserted a single cause of action for breach of contract, they were not parties to the contracts with the shippers of the merchandise received by defendants (*see Aymes v Gateway Demolition Inc.*, 30 AD3d 196 [2006]). Nor have they demonstrated that they or any other members of the proposed class were intended third-party beneficiaries of the contracts (*see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783 [2006]). It cannot be assumed that each putative class member was an intended beneficiary of the agreement between DHL and the shippers in question.

We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Williams and McGuire, JJ. [*See* 2006 NY Slip Op 30071(U).]