■ BRYAN ALIX et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v WAL-MART STORES, INC., Respondent. [868 NYS2d 372]—

Kavanagh, J.

Plaintiffs, two former employees of defendant, commenced this action alleging that defendant failed to properly compensate them and other similarly situated employees and former employees in violation of 12 NYCRR part 142 and Labor Law articles 6 and 19.[1] Plaintiffs thereafter moved for class action certification pursuant to CPLR article 9, and sought to be designated as representatives of a proposed class of approximately 200,000 individuals employed or formerly employed by defendant in its stores located throughout the state. Supreme Court denied the motion and plaintiffs now appeal.

To obtain class action certification, a party must establish that "the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable"; that questions of law or fact exist that are common to the entire class and predominate over any questions that affect only individual members; that the claims or defenses of the representative plaintiffs typify those of the entire class; that the nominative plaintiffs will fairly and adequately protect the interests of the entire class; and that alternatives are not available that are superior to a class action in terms of insuring a "fair and efficient adjudication of the controversy" (CPLR 901 [a] [1], [2], [3], [4], [5]; see Rife v Barnes Firm, P.C., 48 AD3d 1228, 1229 [2008], lv dismissed in part and denied in part 10 NY3d 910 [2008]; Rallis v City of New York, 3 AD3d 525, 526 [2004]; Solomon v Bell Atl. Corp., 9 AD3d 49, 51-52 [2004]). Each requirement is an essential prerequisite to class action certification, and whether each has been established by the representative plaintiffs is a decision that "rests within the sound discretion of the trial court" (Small v Lorillard Tobacco Co., 94 NY2d 43, 52 [1999]; see CLC/CFI Liquidating Trust v Bloomingdale's, Inc., 50 AD3d 446, 447 [2008]; Lauer v New York Tel. Co., 231 AD2d 126, 130 [1997]). Here, Supreme Court concluded that plaintiffs failed to establish the existence of any of these prerequisites and, as a result, denied class action certification. We agree and affirm the court's order.

Plaintiffs' complaint, in essence, is that defendant used its store level managers to implement a corporate-wide policy that

---

1. Plaintiff Maria Gable withdrew from the action and plaintiff Marianne Witkowski's claims were dismissed.

systematically deprived many of its employees of proper compensation through the manipulation of time records and the implementation of employment practices designed to compel employees to work off the clock without compensation. In pursuit of these claims, plaintiffs propose a class that includes "persons employed by defendant as hourly employees . . . in the State of New York at any time on or after August 9, 1999 . . . whether employed by Wal-Mart stores, SuperCenters or Sam's Club stores." As defined, it would include 200,000 current and former hourly associates employed over a 12-year period in 110 stores owned and operated by defendant in the state. Initially, it is noted that the class, as proposed by plaintiffs, would include numerous individuals who deny that they were victimized by these workplace practices employed by defendant and deny that they were not properly compensated for the time they actually worked (see Batas v Prudential Ins. Co. of Am., 37 AD3d 320 [2007]). In that regard, the record contains deposition testimony and 49 affidavits from current and former employees of defendant who deny that they were required to work without pay, work through breaks, work off the clock, or were denied overtime compensation, as alleged by plaintiffs.

Both plaintiffs allege that they were required to work off the clock and, as a result, were not properly compensated for the work that they performed during this period. Neither claims that their time records were in any way altered or manipulated by supervisory personnel or that they were victimized by the deceptive practices that they maintain were perpetrated against other members of the proposed class. Their claims, as stated, are markedly different from that of the proposed class—and that contrast is made even more evident by the fact that neither alleges that they were forced or directed to work off the clock by any of defendant's supervisory personnel. As such, plaintiffs have not satisfied the prerequisite of typicality (see CPLR 901 [a] [3]; Small v Lorillard Tobacco Co., 94 NY2d at 53; Ackerman v Price Waterhouse, 252 AD2d 179, 201 [1998]).

Plaintiffs must also show that they can fairly and adequately protect the interests of all of the members of the proposed class who they seek to represent. However, by including all employees paid on an hourly basis who were employed by defendant during this 12-year period, the proposed class includes approximately 8,000 managerial employees, many of whom were involved in implementing the labor practices that are the subject of plaintiffs' complaint. The conflict that exists between the interests of these managerial personnel and the other members of the proposed class is self-evident and so substantial that it is

simply not possible to conclude that plaintiffs can fairly and adequately represent the interest of each member of the class (*see* CPLR 901 [a] [4]).

Similarly, plaintiffs have not established that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" (CPLR 901 [a] [2]). In that regard, it is not enough for plaintiffs to prove that issues exist that are common to the entire class, or even that they are substantial and significant; plaintiffs must show that these issues predominate over unique circumstances that may well characterize each aggrieved employee's complaint (*see Lieberman v 293 Mediterranean Mkt. Corp.*, 303 AD2d 560, 561 [2003]; *Mitchell v Barrios-Paoli*, 253 AD2d 281, 291 [1999]). Here, plaintiffs have alleged essentially four improper employment practices that they contend were routinely implemented by defendant to deprive employees of proper compensation. Specifically, they charge that defendant's supervisory personnel were encouraged to manipulate employee time cards so as to avoid paying employees for wages earned during rest breaks or overtime or, in some instances, for the entire time that an employee may have worked during a shift.[2] Plaintiffs also allege that supervisory personnel were ordered to reduce payroll by the arbitrary elimination of personnel which, in turn, created staff shortages that required other employees to work off the clock without compensation to complete their assigned duties.

Establishing the existence of these practices and their impact on a given employee would necessarily require a detailed analysis of the specifics of each employee's complaint. For example, the damages to which each class member would be entitled would necessarily depend upon his or her individual circumstances and could only be accurately ascertained by a fact-specific inquiry into each individual complaint (*see Evans v City of Johnstown*, 97 AD2d 1, 3 [1983]). Such an inquiry, because of the proposed size of the proposed class, would simply overwhelm consideration of the issues common to the entire class and compromise any goal that might otherwise be achieved by class action certification.

Recognizing the problems inherent in such a fact-specific

---

**2.** One allegation concerns the "end-of-shift punch," where, if an employee failed to punch out at the end of a work shift, an entry was made on his or her time card by managerial personnel to the effect that the employee had actually punched out one minute after he or she had punched in and began his or her work shift. This entry would result in the employee being paid for working for one minute, and not for the entire time that he or she had actually worked.

analysis, plaintiffs propose to employ a statistical analysis of defendant's corporate payroll records to establish the existence of these workplace practices and their impact on defendant's personnel. While these records may establish that employee time cards were changed or altered, this fact, standing alone, does not prove that these entries were improper or part of a deliberate and purposeful scheme designed to deprive employees of their lawful compensation. To reach such a conclusion, the admission of these records would almost certainly have to be supplemented by testimony from witnesses describing the specific circumstances by which these entries were made that resulted in changes on an employee's time card. In addition, if such a statistical analysis is admissible,[3] fundamental fairness would require that defendant be allowed the right to explore the premise upon which the expert's conclusions are based, and such an inquiry could require a detailed examination of many of the entries upon which the expert relied to reach his final conclusion (*see Evans v City of Johnstown*, 97 AD2d at 3).

Finally, plaintiffs failed to establish that a class action is superior to other methods available to them to pursue these claims (*see* CPLR 901 [a] [5]; *Small v Lorillard Tobacco Co.*, 94 NY2d at 54; *Weinberg v Hertz Corp.*, 69 NY2d 979, 981-982 [1987]; *Brady v State of New York*, 172 AD2d 17 [1991], *affd* 80 NY2d 596 [1992], *cert denied* 509 US 905 [1993]). Specifically, an administrative remedy is available by which plaintiffs, in their status as employees, could file wage related complaints with the Department of Labor (*see* Labor Law §§ 196, 196-a). Simply because the Commissioner of Labor's authority to pursue such claims is discretionary (*see* Labor Law § 196 [2]), this does not render such a proceeding less effective than a class action. The availability of this administrative process, and its focus on the particulars applicable to each employee's claim, make it in many ways a superior method by which the claims made by plaintiffs, and the proposed members of the class, can be pursued against defendant. For this reason, and the others as previously stated, plaintiffs' bid for class certification was properly denied.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 16 Misc 3d 844 (2007).]

---

**3.** Given our finding, it is not necessary to determine the admissibility of such testimony in the context of this litigation.