■ BARBARA OSARCZUK et al., Respondents, v ASSOCIATED UNIVERSITIES, INCORPORATED, Commonly Known as BROOKHAVEN NATIONAL LABORATORY, Appellant. (And a Third-Party Action.) [918 NYS2d 538]—

The defendant, Associated Universities, Incorporated, operated the Brookhaven National Laboratory (hereinafter BNL) for 50 years, from 1947 until 1998. The instant action was commenced in 1996, inter alia, to recover damages for injury to property allegedly resulting from BNL's emission, over several decades, of numerous nuclear and nonnuclear hazardous and toxic substances into the air, soil, and groundwater, from various sources and in various ways.

The plaintiffs moved to certify a class of all persons who lived, owned property, or worked within a 10-mile radius of BNL. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's cross motion, and denied the plaintiffs' motion as academic. On appeal, this Court reinstated the causes of action arising from alleged exposure to nonnuclear, as opposed to nuclear, hazardous and toxic substances, and remitted the matter to the Supreme Court, Suffolk County, for a determination of the plaintiffs' motion for class action certification on the merits (*see Osarczuk v Associated Univs., Inc.*, 36 AD3d 872 [2007]).

Upon remittitur, the plaintiffs renewed their motion for class certification. The Supreme Court granted the plaintiffs' renewed motion to the extent of certifying two subclasses, to wit: (1) residential homeowners whose properties lie in a designated area in North Shirley, and whose property values may have been adversely affected, or who may have lost the use and enjoyment of their property as a result of exposure to non-nuclear hazardous and toxic materials emanating from BNL, and (2) persons who may have suffered economic loss, including but not limited to, the expense of securing alternative water supplies, including

the cost to hookup to the public water supply and the yearly cost of that water, and other economic losses, as a result of exposure to nonnuclear hazardous and toxic materials emanating from BNL, in the same designated area of North Shirley (*see Osarczuk v Associated Univs., Inc.*, 26 Misc 3d 1209[A], 2009 NY Slip Op 52695[U] [2009]). The defendant appeals, and we reverse the order insofar as appealed from.

The proponent of a class action has the initial burden of establishing the prerequisites of class-action certification (*see Emilio v Robison Oil Corp.*, 63 AD3d 667, 668 [2009]; *Canavan v Chase Manhattan Bank*, 234 AD2d 493, 494 [1996]). "In order to certify a lawsuit as a class action, the court must be satisfied that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (*Aprea v Hazeltine Corp.*, 247 AD2d 564, 565 [1998]; *see* CPLR 901 [a]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 89 [1980]). We conclude that, contrary to the Supreme Court's determination, these requirements have not been satisfied here.

At the outset, we acknowledge that " 'the Legislature intended article 9 to be a liberal substitute for the narrow class action legislation which preceded it' " (*City of New York v Maul*, 14 NY3d 499, 509 [2010], quoting *Friar v Vanguard Holding Corp.*, 78 AD2d at 91). Indeed, this Court has recognized that "we are not constrained to follow the restrictive views of the Federal courts (or the Federal Advisory Committee)," with respect to the use of class actions in mass tort cases (*Rosenfeld v Robins Co.*, 63 AD2d 11, 16 [1978]; *see Evans v City of Johnstown*, 97 AD2d 1, 2 [1983]). "[W]ere this a case where the liability issue could be isolated and treated on a class-wide basis," there might be "strong reasons for certifying the proposed class, although the question of damage would necessarily have to be left for individual determination" (*Rosenfeld v Robins Co.*, 63 AD2d at 16; *see Godwin Realty Assoc. v CATV Enters.*, 275 AD2d 269, 270 [2000]). Undoubtedly, there are questions common to all proposed class members that have been raised in this case, such as whether the defendant improperly handled and used hazardous and toxic material, and whether the defendant engaged in an ultrahazardous activity. Nonetheless, individualized investigation, proof, and determination would need to be made, not only on complicated questions such as the extent of damage, if any, to the numerous individual properties and their diminished market value, but as to causation. Under the circumstances presented, questions of whether the emissions of

various toxic materials, over several decades, from various sources and in various ways, caused injury to the individual properties and economic loss to the property owners, cannot be resolved on a class-wide basis (*see Aprea v Hazeltine Corp.*, 247 AD2d at 565; *Robertson v Smalis Painting Co.*, 134 AD2d 881 [1987]; *Evans v City of Johnstown*, 97 AD2d at 3; *Wojciechowski v Republic Steel Corp.*, 67 AD2d 830 [1979]; *cf. Geiger v American Tobacco Co.*, 277 AD2d 420 [2000]; *Rosenfeld v Robins Co.*, 63 AD2d 11, 17-18 [1978]). Accordingly, "[i]n view of the complicated issues of fact which must be resolved on an individual basis . . . common questions of law and fact do not predominate in this action," and the class action is not the superior method of adjudication of these claims (*Rosenfeld v Robins Co.*, 63 AD2d at 20). Therefore, the plaintiffs' renewed motion for class certification should have been denied in its entirety. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.