PHILIP COOPER et al., Appellants, v SLEEPY's, LLC, Respondent. [992 NYS2d 95]—

In an action, inter alia, pursuant to Labor Law § 193 to recover wages wrongly withheld, the plaintiffs appeal, as limited

by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered August 15, 2012, as denied their motion for class certification pursuant to CPLR article 9.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, inter alia, to recover money which, they alleged, had been unlawfully deducted from commissions they earned while working as commissioned sales staff for the defendant. The plaintiffs then sought certification of the matter as a class action on behalf of all nonexempt persons employed by the defendant in New York State as salespersons during the six years prior to the filing of the complaint in this action. The Supreme Court denied class certification on the basis that common questions of law and fact did not predominate over questions affecting only individual members (*see* CPLR 901 [a] [3]). We affirm, but on a different ground, namely, that the plaintiffs failed to demonstrate that the plaintiffs would fairly and adequately protect the interests of the class (*see* CPLR 901 [a] [4]).

A class action may be maintained in New York only after the five prerequisites of CPLR 901 (a) have been satisfied (*see* CPLR 902; *Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 135 [2008]; *Ackerman v Price Waterhouse*, 252 AD2d 179, 191 [1998]). Once those prerequisites are satisfied, the court "shall consider" the factors set forth in CPLR 902 (CPLR 902; *see Ackerman v Price Waterhouse*, 252 AD2d at 191). The class representative "bears the burden of establishing compliance with the requirements of both CPLR 901 and 902, and the determination is ultimately vested in the sound discretion of the trial court" (*Ackerman v Price Waterhouse*, 252 AD2d at 191; *see Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d at 135; *Kings Choice Neckwear, Inc. v DHL Airways, Inc.*, 41 AD3d 117, 117 [2007]).

One of the prerequisites to class certification requires the class representative to demonstrate that "the representative . . . will fairly and adequately protect the interests of the class" (CPLR 901 [a] [4]). "A class representative acts as principal to the other class members and owes them a fiduciary duty to vigorously protect their interests" (*City of Rochester v Chiarella*, 65 NY2d 92, 100 [1985]). "That responsibility clearly encompasses the duty to act affirmatively to secure the class members' rights as well as to oppose the adverse interests asserted by others" (*id.* at 100). "The three essential factors to consider in determining adequacy of representation are potential conflicts of interest between the representative and the class members,

personal characteristics of the proposed class representative (e.g. familiarity with the lawsuit and his or her financial resources), and the quality of the class counsel" (*Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d at 144).

Here, the plaintiffs failed to sustain their burden of demonstrating that they would fairly and adequately protect the interests of the class (*see* CPLR 901 [a] [4]; *see also Yonkers Contr. Co. v Romano Enters. of N.Y.*, 304 AD2d 657, 658-659 [2003]). To the contrary, the record discloses that one of the proposed representatives maintains that he was entitled to a certain commission that was wrongfully paid by the defendant to a different member of the proposed class. Given the evidence in the record indicating that such disputes between and among salespersons were not unusual, we conclude that there exist potential conflicts of interest between the representatives and the class members such that the plaintiffs cannot fairly and adequately represent the interest of each member of the class (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 54-55 [1999]; *Zedeck v Derfner Mgt. Inc.*, 98 AD3d 925, 925 [2012]; *Alix v Wal-Mart Stores, Inc.*, 57 AD3d 1044, 1046-1047 [2008]; *Yonkers Contr. Co. v Romano Enters. of N.Y.*, 304 AD2d at 658-659; *accord* Rules of Professional Conduct [22 NYCRR 1200.00] rule 1.7 [a] [1]). Under such circumstances, class certification is inappropriate (*see* CPLR 901, 902).

In light of the foregoing, we need not reach the parties' remaining contentions. Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.