Krobath v South Nassau Communities Hosp. (2019 NY Slip Op 08837)





Krobath v South Nassau Communities Hosp.


2019 NY Slip Op 08837


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-00630
 (Index No. 602113/15)

[*1]Eric Krobath, etc., respondent, 
v
South Nassau Communities Hospital, etc., appellant, et al., defendants.


Garfunkel Wild, P.C., Great Neck, NY (Roy W. Breitenbach and Samantha N. Tomey of counsel), for appellant.
Giskan Solotaroff & Anderson LLP, New York, NY (Oren S. Giskan and Aliaksandra Ramanenka of counsel), for respondent.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of General Business Law § 349 and for related declaratory relief, the defendant South Nassau Communities Hospital appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered December 12, 2016. The order granted the plaintiff's motion pursuant to CPLR article 9 for class action certification.
ORDERED that the order is affirmed, with costs.
In 2015, the plaintiff commenced this putative class action challenging the billing practices of South Nassau Communities Hospital (hereinafter the hospital), specifically with respect to self-pay patients who received emergency treatment. The plaintiff asserted causes of action, inter alia, to recover damages for negligent concealment (first cause of action) and violations of General Business Law § 349 (third cause of action), and he also sought a declaratory judgment (fourth cause of action). The plaintiff moved pursuant to CPLR article 9 for class action certification. The Supreme Court granted the motion, and the hospital appeals.
CPLR article 9, which sets out the criteria to be considered in granting class action certification, is to be liberally construed (see Dowd v Alliance Mtge. Co., 74 AD3d 867, 869). The proposed class representative bears the burden of establishing compliance with the requirements of both CPLR 901 and 902 (see Cooper v Sleepy's, LLC, 120 AD3d 742, 743), and the determination to grant class action certification ultimately rests in the sound discretion of the trial court (see id. at 743; Globe Surgical Supply v GEICO Ins. Co., 59 AD3d 129, 135-136).
"One or more members of a class may sue or be sued as representative parties on behalf of all if: 1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; 2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members; 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4. the representative parties will fairly and adequately protect the interests of the class; and 5. a class action is superior to other [*2]available methods for the fair and efficient adjudication of the controversy" (CPLR 901[a][1]-[5]).
At the outset, in light of our determination in one of the two companion appeals (see Krobath v South Nassau Communities Hospital, ___ AD3d ___ [Appellate Division Docket No. 2017-02583; decided herewith]), we do not reach the hospital's contentions regarding the appropriateness of certifying the proposed class with respect to the plaintiff's first cause of action, alleging negligent concealment, since that cause of action is no longer part of this action.
Contrary to the hospital's contentions, the plaintiff demonstrated, with respect to the remaining causes of action to recover damages for violations of General Business Law § 349 and for related declaratory relief, that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" and that the plaintiff's claims are typical of the claims of the class (CPLR 901[a][2]). The commonality requirement of CPLR 901(a)(2) "cannot be determined by any mechanical test" and "the fact that questions peculiar to each individual may remain after resolution of the common questions is not fatal to the class action" (City of New York v Maul, 14 NY3d 499, 514 [internal quotation marks omitted]). Specifically, the potential for different individual damages claims is not a valid reason for denying class action status in this case (see Globe Surgical Supply v GEICO Ins. Co., 59 AD3d at 142).
Moreover, the plaintiff demonstrated that he "will fairly and adequately protect the interests of the class" (CPLR 901[a][4]). As the plaintiff's attorneys had "assume[d] responsibility for litigation expenses, the plaintiff's personal financial condition [was] irrelevant" (Wilder v May Dept. Stores Co., 23 AD3d 646, 648-649). Moreover, contrary to the hospital's contention, the record establishes that the plaintiff "had, at the very least, a general awareness of the nature of the underlying dispute, the ongoing litigation, and the relief sought on behalf of the class" (id. at 649).
Accordingly, the order appealed from should be affirmed.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court