Olmann v Willoughby Rehabilitation & Health Care Ctr., LLC (2020 NY Slip Op 04750)





Olmann v Willoughby Rehabilitation & Health Care Ctr., LLC


2020 NY Slip Op 04750


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-07212
2017-07645
 (Index No. 514289/15)

[*1]Joseph Olmann, etc., appellant, 
v
Willoughby Rehabilitation and Health Care Center, LLC, et al., respondents.


Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, White Plains, NY (Jeremiah Frei-Pearson of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell and Rebecca A. Barrett of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated May 11, 2016, and (2) an order of the same court dated June 20, 2017. The order dated May 11, 2016, denied the plaintiff's motion pursuant to CPLR 3103(a) for a protective order. The order dated June 20, 2017, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 901 and 902 for class certification and denied stated portions of the plaintiff's separate motion pursuant to CPLR 3124 to compel the defendants to comply with his discovery demands.
ORDERED that the order dated May 11, 2016, is affirmed; and it is further,
ORDERED that the order dated June 20, 2017, is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion pursuant to CPLR 3124 which were to compel the defendants to comply with (1) his discovery demand number 30, (2) his discovery demand number 32 to the extent that it demands "[a]ll documents relating to meals provided to" the decedent, (3) his discovery demand number 33 to the extent that it demands "[a]ll documents relating to bed changing records for" the decedent, (4) his discovery demand number 34 to the extent that it demands "[a]ll documents relating to [the] movement of" the decedent, (5) his discovery demand number 35 to the extent that it demands "[a]ll documents relating to [the] washing of" the decedent, (6) his discovery demand number 36 to the extent that it demands "[a]ll documents relating to the change of position of" the decedent, and (7) his discovery demand number 51, and substituting therefor provisions granting those branches of that motion; as so modified, the order dated June 20, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
Marie C. Olmann (hereinafter the decedent) was a resident of the defendant Spring Creek Rehabilitation & Nursing Care Center (hereinafter Spring Creek), a nursing home, from June [*2]2012 to January 2014. In November 2015, the decedent's son, Joseph Olmann (hereinafter the plaintiff), individually and as the proposed administrator of her estate, and purportedly on behalf of all others similarly situated, commenced this putative class action against Spring Creek and its owner, the defendant Willoughby Rehabilitation and Health Care Center, LLC, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d. The plaintiff alleged that the decedent and other residents at Spring Creek sustained injuries attributable to substandard nursing care. The plaintiff was subsequently appointed the administrator of the decedent's estate, and the caption was amended to reflect that appointment.
Thereafter, the plaintiff moved pursuant to CPLR 3103(a) for a protective order to allow for the disclosure of confidential health information of other residents at Spring Creek. In an order dated May 11, 2016, the Supreme Court denied that motion as "premature and overly broad." The plaintiff also moved pursuant to CPLR 901 and 902 for class certification and separately moved pursuant to CPLR 3124 to compel the defendants to comply with his discovery demands. In an order dated June 20, 2017, the court, inter alia, denied the plaintiff's motion for class certification and denied stated portions of the plaintiff's motion to compel the defendants to comply with his discovery demands. The plaintiff appeals.
Under the circumstances presented, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a protective order to allow for disclosure of confidential health information of other Spring Creek residents.
Contrary to the plaintiff's contention, the Supreme Court also providently exercised its discretion in denying his motion for class certification. The determination whether to grant a motion for class certification "is ultimately vested in the sound discretion of the trial court" (Cooper v Sleepy's, LLC, 120 AD3d 742, 743 [internal quotation marks omitted]). " In order to certify a lawsuit as a class action, the court must be satisfied that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy'" (Osarczuk v Associated Univs., Inc., 82 AD3d 853, 855, quoting Aprea v Hazeltine Corp., 247 AD2d 564, 565; see CPLR 901[a]). Here, common questions of law or fact do not predominate over questions involving members of the proposed class as to causation (see Osarczuk v Associated Univs., Inc., 82 AD3d at 855-856; Catalano v Heraeus Kulzer, Inc., 305 AD2d 356, 357). The plaintiff also failed to establish that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (see Nicholson v KeySpan Corp., 65 AD3d 1025, 1026).
However, the Supreme Court should have granted those branches of the plaintiff's motion which were to compel the defendants to comply with (1) his discovery demand number 30, (2) his discovery demand number 32 to the extent that it demands "[a]ll documents relating to meals provided to" the decedent, (3) his discovery demand number 33 to the extent that it demands "[a]ll documents relating to bed changing records for" the decedent, (4) his discovery demand number 34 to the extent that it demands "[a]ll documents relating to [the] movement of" the decedent, (5) his discovery demand number 35 to the extent that it demands "[a]ll documents relating to [the] washing of" the decedent, (6) his discovery demand number 36 to the extent that it demands "[a]ll documents relating to the change of position of" the decedent, and (7) his discovery demand number 51. Those demands related to the decedent's care, the staffing of nurses and nursing assistants who provided care to the decedent, and complaints or investigations of alleged substandard care or abuse involving the decedent (see Grant v PALJR, LLC, 64 AD3d 750, 751; Simmons v Northern Manhattan Nursing Home, Inc., 52 AD3d 351, 352). The court otherwise providently exercised its discretion in denying stated portions of the plaintiff's motion to compel compliance with his discovery demands. While the defendants failed to object to the plaintiff's discovery demands within the time period set forth in CPLR 3122(a)(1), that failure does not foreclose review of the defendants' challenge to those demands as palpably improper (see Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1396, 1397). With the exception of the aforementioned discovery demands, the demands at issue were palpably improper, since they sought information that was irrelevant, or were overbroad and burdensome (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 757, 758).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court