Matter of Long Is. Power Auth. Hurricane Sandy Litig. v Long Is. Power Auth. (2021 NY Slip Op 07545)





Matter of Long Is. Power Auth. Hurricane Sandy Litig. v Long Is. Power Auth.


2021 NY Slip Op 07545


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-09629
 (Index No. 601434/13)

[*1]In the Matter of Long Island Power Authority Hurricane Sandy Litigation.John Coyle, et al., respondents, 
v
Long Island Power Authority, appellant, et al., defendant.


Rivkin Radler LLP, Uniondale, NY (Evan H. Krinick, Michael P. Versichelli, Brian L. Bank, Michelle A. Bholan, and Catalina De La Hoz of counsel), for appellant.
Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY (Gregory Nespole and Matthew M. Guiney of counsel), Wolf Popper LLP, New York, NY (Joshua W. Ruthizer and Sean M. Zaroogian of counsel), Parker Waichman LLP, Port Washington, NY (Jerrold S. Parker, Jay Breakstone, and Michael Werner of counsel), and Douglas & London, P.C., New York, NY (Michael A. London and Virginia E. Anello of counsel), for respondents (one brief filed).



DECISION & ORDER
In a putative class action, inter alia, to recover damages for breach of contract, the defendant Long Island Power Authority appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered July 3, 2018. The order granted the plaintiffs' motion pursuant to CPLR article 9 for class certification.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiffs' motion pursuant to CPLR article 9 for class certification is denied.
On October 29, 2012, Hurricane Sandy devastated portions of the East Coast, including much of Long Island and the Rockaways. As a result of that storm and a nor'easter which followed approximately one week later, approximately 95% of electric customers served by the Long Island Power Authority (hereinafter LIPA) lost power, some for extended periods of time. In this putative class action, the plaintiffs, individually and on behalf of others similarly situated, seek, inter alia, to recover damages for breach of contract from, among others, LIPA (see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1139; Matter of Long Is. Power Auth. Hurricane Sandy Litig., 134 AD3d 1119, 1119-1120). The plaintiffs moved pursuant to CPLR article 9 for class certification. The Supreme Court granted the motion, and LIPA appeals. We reverse.
Pursuant to CPLR 901(a), a party seeking class certification has the burden to satisfy the requirements of numerosity, commonality, typicality, adequacy of representation, and superiority (see Maddicks v Big City Props., LLC, 34 NY3d 116, 123; City of New York v Maul, 14 NY3d 499, 508; Moreno v Future Health Care Servs., Inc., 186 AD3d 594, 595; Cooper v Sleepy's, LLC, 120 AD3d 742, 743). These requirements are to be liberally construed in keeping with the goals of CPLR article 9 (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 183; City of New York [*2]v Maul, 14 NY3d at 509; Medina v Fairway Golf Mgt., LLC, 177 AD3d 727, 728).
In general, the determination of whether to certify a class action lies within the sound discretion of the trial court (see City of New York v Maul, 14 NY3d at 509; Olmann v Willoughby Rehabilitation & Health Care Ctr., LLC, 186 AD3d 837, 839; Cooper v Sleepy's, LLC, 120 AD3d at 743). Nevertheless, this Court has the same discretion and may exercise it even where the trial court has not abused its discretion (see City of New York v Maul, 14 NY3d at 509; Small v Lorillard Tobacco Co., 94 NY2d 43, 52; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422).
"In order to certify a lawsuit as a class action, the court must be satisfied that questions of law or fact common to the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (Olmann v Willoughby Rehabilitation & Health Care Ctr., LLC, 186 AD3d at 839 [internal quotation marks omitted]; see Osarczuk v Associated Univs., Inc., 82 AD3d 853, 855). Commonality cannot be determined via a "'mechanical test'" (City of New York v Maul, 14 NY3d at 514, quoting Friar v Vanguard Holding Corp., 78 AD2d 83, 97; see Maddicks v Big City Props., LLC, 34 NY3d at 125). Instead, "it is 'predominance, not identity or unanimity,' that is the linchpin of commonality" (City of New York v Maul, 14 NY3d at 514, quoting Friar v Vanguard Holding Corp., 78 AD2d at 98; see Maddicks v Big City Props., LLC, 34 NY3d at 125).
When evaluating a motion for class certification, the court's inquiry "vis-à-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham" (Brandon v Chefetz, 106 AD2d 162, 168; see Medina v Fairway Golf Mgt., LLC, 177 AD3d at 729; Super Glue Corp. v Avis Rent A Car Sys., 132 AD2d 604, 607). Here, an examination of the plaintiffs' claims demonstrates that the claims are unsuitable for class treatment because the fact determinations are hopelessly individual. In addition, the plaintiffs' attempt to characterize their causes of action as sounding in breach of contract is not successful.
The plaintiffs base their claims against LIPA on an allegation that LIPA failed to fulfill its promise, made in 2006, that it would spend $25 million annually on a 20-year "storm hardening" project (i.e., $500 million total) intended to render its electric system more durable and resilient in the face of major storms. However, even assuming that the plaintiffs can demonstrate that LIPA was obligated to spend the promised funds and that it failed to do so, Hurricane Sandy hit in 2012, 14 years before the expiration of the 20-year period. Accordingly, LIPA could, at most, be held liable for the work which should have been completed in the first 6 years of the project. This fact, in turn, would require a determination of what work should have been completed in that period and whether that work would have prevented individual class members' power outages.
As the foregoing illustrates, to establish liability, the plaintiffs would have to demonstrate that, had LIPA performed storm hardening work consistent with its promise, their outages would have been shortened or avoided. This is, as LIPA argues, a fact-driven inquiry which is both speculative and hopelessly individual since it would require the factfinder to determine not only what should have been completed by October 2012, but also to speculate whether that work, had it been performed, would have prevented or shortened individual class members' outages.
The plaintiffs assume that, had LIPA committed resources to its storm hardening project consistent with its promise, the class members' power outages would have been avoided. LIPA, however, proffered evidence that most of the named plaintiffs' outages had multiple causes. Further, since LIPA was only 6 years into its 20-year project, even with perfect performance, a substantial proportion of the planned work would have remained incomplete. Indeed, we question whether even the most comprehensive storm preparation could prevent every power interruption. These facts, taken together, fatally undermine the plaintiffs' premise that they are entitled to recover damages because, had LIPA adhered to its storm hardening project, their outages would have been avoided.
CPLR article 9 does not require identity or unanimity of claims among class members (see City of New York v Maul, 14 NY3d at 514), but here, common questions of law or fact do not [*3]predominate over individual questions of causation (see Olmann v Willoughby Rehabilitation & Health Care Ctr., LLC, 186 AD3d at 839). Because of the need to trace the various causes of the class members' outages and whether they would have been prevented had LIPA adhered to its storm hardening project, "[g]iven the enormity of the potential class, possibly numbering as many as [1.1 million] persons, the necessity of conducting such individual inquiries would become the predominant focus of the litigation, rendering the litigation extremely difficult if not impossible to manage, and an inefficacious means of adjudicating any underlying common issue respecting [storm hardening preparations]" (Gordon v Ford Motor Co., 260 AD2d 164, 165; see Osarczuk v Associated Univs., Inc., 82 AD3d at 855-856; Morrissey v Nextel Partners, Inc., 72 AD3d 209, 215; Catalano v Heraeus Kulzer, Inc., 305 AD2d 356, 357). Accordingly, the Supreme Court should have denied the plaintiffs' motion for class certification on the basis that the plaintiffs could not satisfy the requirement of commonality.
In addition, the plaintiffs cannot prove that they have a breach of contract cause of action "which is not a sham" (Brandon v Chefetz, 106 AD2d at 168; see Medina v Fairway Golf Mgt., LLC, 177 AD3d at 729; Super Glue Corp. v Avis Rent A Car Sys., 132 AD2d at 607). The plaintiffs point to the provision of LIPA's Tariff for Electric Service (hereinafter the Tariff) which requires it to "try, at all times, to provide regular and uninterrupted service." However, although LIPA's Tariff (along with the Long Island Power Authority Act [see Public Authorities Law § 1020 et seq.]), sets forth the conditions under which it is authorized to operate, it does not create a contract between LIPA and its customers, nor does it create a contract between LIPA and any other entity subject to which the plaintiffs can claim the status of intended third-party beneficiaries. Since "'[a] class action certification must be founded upon an evidentiary basis'" (Moreno v Future Health Care Servs., Inc., 186 AD3d at 596, quoting Yonkers Contr. Co. v Romano Enters. of N.Y., 304 AD2d 657, 658), the Supreme Court should also have denied class certification on the basis that the plaintiffs cannot state a viable cause of action to recover damages for breach of contract (see Medina v Fairway Golf Mgt., LLC, 177 AD3d at 729; Super Glue Corp. v Avis Rent A Car Sys., 132 AD2d at 607; Brandon v Chefetz, 106 AD2d at 168).
In light of the foregoing, we need not reach LIPA's remaining contentions.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court