Brown v Mahdessian (2022 NY Slip Op 03985)

Brown v Mahdessian

2022 NY Slip Op 03985

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Index No. 154606/17 Appeal No. 16171 Case No. 2021-03377 

[*1]Benjamin Brown et al., Plaintiffs-Respondents,
v
John Mahdessian etc. et al., Defendants-Appellants.

Morrison + Tenenbaum PLLC, New York (Joshua S. Androphy of counsel), for appellants.
Virginia & Ambinder, LLP, New York (Alanna R. Sakovits of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered August 5, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to certify a class and appoint class counsel, unanimously affirmed, with costs.
Plaintiff Benjamin Brown, a valet driver employed by defendants, seeks to recover unpaid wages for himself and other employees of defendants. The principal allegation of the complaint is that defendants unlawfully deducted parking ticket fees from valets' wages and unlawfully deducted lunch break pay from valets' and other employees' wages regardless of whether the employees took lunch breaks.
Class certification is not barred by CPLR 901(b). The parties do not dispute that the relevant statutes provide for liquidated damages that qualify as non-mandatory penalties, and plaintiff's counsel asserts that plaintiff does not seek penalties (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 389-390 [2014]). Plaintiff's counsel should memorialize this waiver in a sworn statement to be filed forthwith in Supreme Court.
Defendants argue that class certification is not appropriate because each class member will have to show that he or she did not take a lunch break during a shift, which will entail evidence that varies according to whether an employee (such as a driver) was off site with no access to a time clock or on site with access to a time clock. However, any factual issues relating to whether individual employees took breaks is related to damages, and individualized damages assessments in wage-and-hour actions based on systematic policies do not undermine commonality or weigh substantially against class certification (see CPLR 901[a][2]; Maddicks v Big City Props., LLC, 34 NY3d 116, 127 [2019]; Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 184 [2019]; see e.g. Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546 [1st Dept 2016]; Guzman v Americare, Inc., 202 AD3d 504, 504 [1st Dept 2022]; Alix v Wal-Mart Stores, Inc., 57 AD3d 1044, 1047 [3d Dept 2008]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022