Konstantynovska v Friendly Home Care, Inc. (2025 NY Slip Op 05069)

Konstantynovska v Friendly Home Care, Inc.

2025 NY Slip Op 05069

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-02946
 (Index No. 523015/17)

[*1]Lyudmyla Konstantynovska, etc., respondent,
v
Friendly Home Care, Inc., appellant.

Lichtman Law Firm, Pound Ridge, NY (Jonathan M. Bardavid of counsel), for appellant.
Virginia & Ambinder, LLP, New York, NY (LaDonna M. Lusher, Joel L. Goldenberg, Kara S. Miller, and Jenny Brejt of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law article 19, the defendant appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 17, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for class certification.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was for class certification is denied.
In or about April 2017, the plaintiff, a home health aide who was previously employed by the defendant and who often worked 24-hour "live-in" shifts, commenced this putative class action against the defendant on behalf of herself and all other similarly situated employees. The complaint alleged, inter alia, that the defendant violated the Labor Law by failing to pay the required minimum wage, overtime, and "spread of hours" premiums to home health aides and personal care assistants who worked both 24-hour and hourly shifts.
In or about April 2021, the plaintiff moved, inter alia, for certification of a class defined as "[a]ll individuals who performed work on behalf of Defendant as non-residential home health aides and/or personal care assistants in the State of New York" during a specified time period. In opposition, the defendant argued, among other things, that the plaintiff failed to meet the evidentiary burden to certify a class and that the proposed class failed to satisfy the prerequisites necessary for class certification pursuant to CPLR 901.
In an order dated March 17, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and certified the class of all individuals who performed work on behalf of the defendant as non-residential home health aides and/or personal care assistants in New York at any time between April 14, 2011, and the date of the order. The defendant appeals.
"Pursuant to CPLR 901(a), a party seeking class certification has the burden to satisfy the requirements of numerosity, commonality, typicality, adequacy of representation, and [*2]superiority" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d 1040, 1041). These requirements are to be liberally construed in keeping with the goals of CPLR article 9 (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 183; City of New York v Maul, 14 NY3d 499, 509).
In general, the determination of whether to certify a class action lies within the sound discretion of the trial court (see City of New York v Maul, 14 NY3d at 509; Olmann v Willoughby Rehabilitation & Health Care Ctr., LLC, 186 AD3d 837, 839). Nevertheless, this Court has the same discretion (see City of New York v Maul, 14 NY3d at 509). "Conclusory assertions are insufficient to satisfy the statutory criteria" (Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422). "A class action certification must be founded upon an evidentiary basis" (Yonkers Contr. Co. v Romano Enters. of N.Y., 304 AD2d 657, 658; see Moreno v Future Health Care Servs., Inc., 186 AD3d 594, 596).
Here, the plaintiff failed to meet her evidentiary burden to demonstrate entitlement to class certification on the question of whether the defendant violated the Labor Law by failing to pay home health aides and personal care assistants for all hours of a 24-hour live-in shift. The defendant was only required to pay home health aides and personal care assistants who worked 24-hour live-in shifts for 13 hours of work, unless they did not receive the prescribed breaks (see 12 NYCRR 142-2.1; Andryeyeva v New York Health Care, Inc., 33 NY3d at 176; Moreno v Future Health Care Servs., Inc., 186 AD3d at 596). While "[c]laims of uniform systemwide violations are particularly appropriate for class certification" (Andryeyeva v New York Health Care, Inc., 33 NY3d at 184), the plaintiff failed to submit sufficient evidence to demonstrate that the defendant had a policy or practice of failing to afford the prescribed breaks to home health aides and personal care assistants who worked live-in shifts (see Moreno v Future Health Care Servs., Inc., 186 AD3d at 596). Without sufficient evidence demonstrating that the putative class members did not receive the prescribed breaks, there was no basis for certifying a class on the question of whether the defendant was required to pay the putative class members for all hours of their 24-hour shifts.
In addition, the plaintiff failed to provide an evidentiary basis for concluding that the defendant had a policy of failing to pay overtime, spread-of-hours premiums, and wages in accordance with Administrative Code of the City of New York § 6-109 and Public Health Law § 3614-c and wages in compliance with Labor Law §§ 191 and 193. While pay stubs submitted by the plaintiff "provide[d] evidence of a small number of potential wage violations, that small number of potential violations did not demonstrate a policy or practice of unlawful action on the part of the defendant[ ], as would warrant class treatment" (Moreno v Future Health Care Servs., Inc., 186 AD3d at 597). Similarly, the plaintiff failed to demonstrate her entitlement to class certification based upon her allegation that the defendant failed to comply with record-keeping requirements and to provide appropriate sleep facilities.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for class certification.
In light of our determination, the defendant's remaining contentions need not be addressed.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court